NO. 07-03-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 28, 2005
_____

BILLY D. HAYES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402,612; HON. CECIL PURYEAR, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Billy D. Hayes appeals from his convictions on two counts of aggravated sexual assault and two counts of indecency with a child. His sole issue concerns the trial court's implicit determination that trying the multiple offenses in the same proceeding did not unfairly prejudice him. According to appellant, the trial court had the "obligation to set forth its reasoning on the record, with or without request from either counsel, for its grant or denial of a request for severance where Texas Penal Code 3.04(b) . . . is implicated."

Because the trial court did not, it allegedly erred. We overrule the issue and affirm the judgment.

According to §3.04(a) of the Texas Penal Code, "[w]henever two or more offenses have been consolidated or joined for trial under Section 3.02, the defendant shall have a right to a severance of the offenses." TEX. PEN. CODE ANN. §3.04(a) (Vernon 2003). Yet, the "right to severance . . . does not apply to a prosecution for offenses described by Section 3.03(b)(2) [of the same Code] unless the court determines that the defendant or the state would be unfairly prejudiced by a joinder of offenses . . . ." *Id.* §3.04(c). Here, all involved concede that the offenses for which appellant was tried come within the scope of §3.04(c). Thus, he had no automatic right to severance, but rather severance depended upon a finding of undue prejudice.[1]

Next, the record discloses that though appellant moved for severance immediately before trial began and the trial court denied the motion without explaining why, appellant did not object to the lack of an explanation. This alone warrants rejection of his issue for one must preserve his complaint about supposed error through a timely or contemporaneous objection or request. TEX. R. APP. P. 33.1(a). Appellant having failed to object to the omission or request that the trial court make findings, the issue was not preserved.

Yet, even if appellant preserved his complaint, we nonetheless would remain obligated to reject it. This is so for several reasons. First, noticeably absent from the wording of §3.04 of the Penal Code is any requirement that the trial court inform the

---

[1]We note the absence from appellant's brief of argument purporting to illustrate that he suffered any prejudice, much less unfair prejudice.

litigants why it opted to grant or deny a motion to sever under §3.04(c). Given that it is the function of the legislature to create law, not the courts, we hesitate to write into §3.04 that which the legislature omitted.

Furthermore, we note the similarity between the test mandated by §3.04(c) and that of Texas Rule of Evidence 403. The latter also deals with the issue of unfair prejudice, but in the context of admitting evidence at trial. And, if the court finds that the admission of a particular bit of evidence would, among other things, "unfairly prejudice" a litigant, it may exclude the item. TEX. R. EVID. 403. Moreover, in determining whether such prejudice exists, the trial court must undertake a balancing test; that is, it must balance the probative value of the evidence against its potential for unfair prejudice. Yet, no independent hearing need be convened for it to fulfill the duty. *Patino v. State*, No. 03-0131-CR, 2005 Tex. App. LEXIS 3934 at 5-6 (Tex. App.–Amarillo May 19, 2005, no pet.); *Franco v. State*, 25 S.W.3d 26, 28 (Tex. App.–El Paso 2000, pet. ref'd). Nor must it illustrate, of record, that it undertook the requisite balancing. *Patino v. State,* 2005 Tex. App. LEXIS 3934 at 5-6; *Parmer v. State*, 38 S.W.3d 661, 670 (Tex. App.–Austin 2001, pet. ref'd). Indeed, by the trial court considering and overruling the objection, it can be said that it necessarily engaged in the requisite balancing. *Patino v. State,* 2005 Tex. App. LEXIS 3934 at 5-6; *Parmer v. State,* 38 S.W.3d at 670.

To the extent that the Court of Criminal Appeals has set up a mechanism by which a trial court must analyze the potential for unfair prejudice under one circumstance, there seems little reason to implement a different mechanism when the same test (*i.e.* unfair prejudice) is involved under another circumstance. Simply put, we see no reason to reinvent the wheel. So, to the extent that §3.04(c) of the Penal Code obligates the trial

court to assess the potential for unfair prejudice, we hold that it may utilize the analytical mechanism applied when facing a Rule 403 objection. That is, it need not illustrate, of record, how it undertook the requisite analysis. Nor must it specify the indicia or evidence it considered during its analysis. And, unless the record affirmatively shows otherwise, we may presume that by acting upon the request, it performed the duties imposed by §3.04(c), and the record does not so illustrate here.

Thus, we overrule appellant's sole issue and affirm the judgment.


Brian Quinn
Chief Justice


Publish.

4