**Mark Anthony HULSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–05–00420–CR.**

Court of Appeals of Texas, Waco.

Dec. 6, 2006.

---

Ricardo De Los Santos, Cleburne, for appellant.

Dale S. Hanna, Johnson County Dist. Atty., Cleburne, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

A jury found Mark Hulsey guilty of two counts of sexual assault of a child (assessing fifteen-year sentences on Counts One and Two), seven counts of indecency with a child by contact (assessing ten-year sentences on Counts Three, Four, and Six through Nine), and one count of indecency with a child by exposure (assessing a five-year sentence on Count Five). The trial court entered a stacking order that cumulated the sentences to a total of 50 years. Asserting three issues, Hulsey appeals. We will affirm in part and reverse and render in part.

### Election

The offenses were committed against Hulsey's three step-daughters, Latoya, Tara, and Chelsea (all pseudonyms). After the State rested, Hulsey moved the trial court to require the State to elect the acts upon which it would rely for conviction on all ten counts. The trial court denied the motion. Hulsey's first issue complains that this denial was error only as to Counts One and Two, the sexual assaults alleged to have been committed against Latoya, and Counts Three and Four, which alleged indecency by contact (genitals and breast, respectively) against Latoya.

The general rule is when "one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction." *O'Neal v. State,* 746 S.W.2d 769, 771 (Tex. Crim.App.1988); *see Phillips v. State,* 193 S.W.3d 904, 909–10 (Tex.Crim.App.2006). Before the State rests, the trial court has discretion in directing the State to make an election. *O'Neal,* 746 S.W.2d at 771. Once the State rests its case in chief, upon a timely request by the defendant, the trial court must order the State to make an election and failure to do so is error. *Phillips,* 193 S.W.3d at 909. In this case, the trial court erred in failing to order the State to make elections on Counts One, Two, Three, and Four. We thus turn to harm.

The Court of Criminal Appeals recently determined that a trial court's failure to require the State to elect upon timely request is constitutional error. *Id.* at 913–14. Because the error is constitutional, we must reverse the judgment of conviction unless we determine beyond a reasonable doubt that the trial court's error did not contribute to the conviction. Tex.R.App. P. 44.2(a); *see Phillips,* 193 S.W.3d at 914. Harm is determined by analyzing the error in the context of the four purposes underlying the election rule: (1) to protect the accused from the intro-

duction of extraneous offenses; (2) to minimize the risk that the jury might choose to convict, not because one or more crimes were proved beyond a reasonable doubt, but because all of them together convinced the jury the defendant was guilty; (3) to ensure unanimous verdicts, that is, all of the jurors agreeing that one specific incident, which constituted the offense charged in the indictment, occurred; and (4) to give the defendant notice of the particular offense the State intends to rely upon for prosecution and afford the defendant an opportunity to defend. *Phillips*, 193 S.W.3d at 913–14; *see Dixon v. State*, 201 S.W.3d 731, 733–36 (Tex.Crim.App. 2006).

■ In this case, Latoya did not testify to specific instances of sexual assaults or indecency by contact. She testified that when she was twelve or thirteen, Hulsey began getting in bed with her early in the mornings after her mother left for work. At first, he would only lie next to her and assure her that he loved her and would not hurt her. But that progressed to his rubbing her breasts and genitals, and she said that Hulsey did this every morning that he could when her mother was at work—more than ten times and so many times that she cannot remember how many.

Hulsey then progressed to intercourse with Latoya when she was approximately fifteen. During these occasions, initially Tara and Chelsea were in the same bedroom and asleep in separate beds, but as they grew older, they began to wake up. Tara testified to numerous unspecified occasions when she would wake up and see Hulsey on top of Latoya, and when she got older she later learned that what he was doing was having sexual intercourse with her. Hulsey then began to wait until later in the day to sexually assault Latoya. He would either send Tara and Chelsea out to play or call Latoya into his bedroom.

Chelsea testified that she and Tara would wake up and find Latoya in Hulsey's bedroom and in bed with him, and that, the first time she saw this, she had gone into Hulsey's bedroom and saw Hulsey on top of Latoya. Tara said that on one occasion, when Hulsey had taken Latoya into a new room that had been added on to the house, she and Chelsea were able to get in and find Hulsey on top of Latoya. Latoya testified that, over about a two-year period, Hulsey sexually assaulted her more than fifty times and that the number may have been one hundred times, which is what she had told police.

On Counts Three and Four (indecency by contact with Latoya's genitals and breast, respectively), the recent decision in *Dixon v. State* controls our harm determination. There the evidence was similar to that on Counts Three and Four. The child victim related a sequence of events that occurred every time the appellant sexually assaulted her, which was one hundred times, and other than one occasion occurring in the daytime, all of the others occurred at night. The child could give no other details. *Dixon*, 201 S.W.3d at 731. The Court of Criminal Appeals, in determining whether the trial court's constitutional error in failing to require an election was harmless, analyzed the evidence with the four purposes underlying the election rule and concluded beyond a reasonable doubt that the error did not contribute to appellant's conviction or punishment. *Id.* at 734–36. For the same reasons articulated in *Dixon*, we are confident beyond a reasonable doubt that the trial court's error in failing to require the State to elect as to Counts Three and Four did not contribute to Hulsey's conviction or punishment.

■ Counts One and Two present a more difficult harm question. Count One alleged a sexual assault against Latoya on

or about July 15, 1998, and Count Two alleged a sexual assault against her on or about August 15, 1999. On these counts, there is evidence of specific and different instances of sexual assault. Chelsea testified about the first time that she saw Hulsey on top of Latoya in Hulsey's bedroom, while Tara testified about a different occasion when she and Chelsea found Hulsey on top of Latoya in the new room. Latoya testified generally that Hulsey sexually assaulted her more than fifty and possibly one hundred times; the only details she provided were that the assaults happened in either her bed or Hulsey's bed and that sometimes he wore a condom.

We find that the court of appeals' opinion in *Phillips,* which was affirmed, is instructive in our harm analysis on Counts One and Two. *See Phillips v. State,* 130 S.W.3d 343, 353–54 (Tex.App.-Houston [14th Dist.] 2004), *aff'd,* 193 S.W.3d 904 (Tex.Crim.App.2006). In discussing one sexual offense, the court assessed harm in light of the complainant's testimony about one occurrence in detail and generally that the same activity continued for almost a year. *Id.* at 354. Relying principally on *O'Neal,* the court held "that the jury would have known the specific act on which the State relied. On this particular act of sexual assault, the testimony revealed the details of the sexual act performed at a hotel. As to other occurrences, the testimony was only that the behavior was repeated, without any detail as to how, exactly when, or where." *Id.* (citing *O'Neal,* 746 S.W.2d at 770–73).

Thus, we follow the reasoning in *O'Neal* and hold that error in failing to require the State to elect is harmless when there is detailed testimony as to one occurrence and general, very vague and unspecific testimony as to other occurrences. Because the State focused its attention on one particular occurrence, it would have been clear to both appellant and the jury that the State was relying on that occurrence to convict. Error as to the third offense was therefore harmless.

*Id.* at 355. Likewise, with the two counts of Hulsey's sexual assault of Latoya, we have the testimony from Tara and Chelsea of two occurrences with specific details and the general testimony of Latoya that she was sexually assaulted by Hulsey fifty to one hundred times. Under this evidence, it would have been clear to Hulsey and the jury that the State was relying on these two occurrences to convict. We thus hold that the trial court's error in failing to require the State to elect as to Counts One and Two did not contribute to Hulsey's conviction or punishment beyond a reasonable doubt. We overrule Hulsey's first issue.

### Severance

In his second issue, Hulsey complains that the trial court erred in denying his pretrial motion to sever. Generally, a trial court may consolidate cases for trial when the charged offenses arise out of the same "criminal episode." *See* TEX. PEN. CODE ANN. § 3.02 (Vernon 2003). A "criminal episode" is defined as

the commission of two or more offenses, *regardless of whether the harm is directed toward or inflicted upon more than one person* or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) *the offenses are the repeated commission of the same or similar offenses.*

*Id.* § 3.01 (emphases added); *see Salazar v. State,* 127 S.W.3d 355, 363–64 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). But

the right to severance does not apply to a prosecution for indecency with a child or sexual assault of a child unless the trial court determines that the defendant would be unfairly prejudiced by a joinder of the offenses. *Id.* § 3.04(c) (Vernon Supp. 2006). We review a trial court's denial of a discretionary severance for abuse of discretion. *Wheat v. State,* 160 S.W.3d 631, 633 (Tex.App.-Waco), *vacated on other grounds,* 178 S.W.3d 832 (Tex.Crim.App. 2005), *op. on remand,* 196 S.W.3d 350 (Tex.App.-Waco 2006, pet. ref'd).

■ "There is no presumption that the joinder of cases involving aggravated sexual assault against different children is unfairly prejudicial." *Salazar,* 127 S.W.3d at 365 (citing *Diaz v. State,* 125 S.W.3d 739, 742–43 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd)). We agree with the State that, because of Hulsey's defensive theory that all of the allegations were fabricated (Hulsey testified that the allegations were fabricated so his wife could get Hulsey out of the house and keep property she was awarded in their divorce, and because Hulsey had killed Chelsea's dog), had there been three separate trials, all three children's testimony probably would have been admissible in separate trials to rebut his defensive theory of fabrication.[1] *See Matthews v. State,* 152 S.W.3d 723, 730–31 (Tex.App.-Tyler 2004, no pet.); *Salazar,* 127 S.W.3d at 365–66. Thus, the trial court's implicit determination that Hulsey would not have been unfairly prejudiced by joinder of the offenses was not an abuse of discretion. We overrule issue two.

### Legal Sufficiency

■ Hulsey complains in his third issue that the evidence is legally insufficient to support the conviction on Count Nine, which alleged indecency with a child (Tara) by contact. When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The standard is the same for both direct and circumstantial evidence cases. *Kutzner v. State,* 994 S.W.2d 180, 184 (Tex.Crim.App.1999). We do not resolve any conflict of fact or assign credibility to the witnesses, as this was the function of the trier of fact. *See Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App. 1999); *Adelman v. State,* 828 S.W.2d 418, 421 (Tex.Crim.App.1992). Instead, our duty is to determine if the findings of the trier of fact are rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman,* 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App.2000).

■ Count Nine charged that Hulsey made Tara touch his genitals with her hand. Tara testified that, a couple of times, Hulsey tried to place her hand on his penis, but she always pulled her hand back. A person commits the offense of indecency with a child "if, with a child younger than 17 years and not the person's spouse, . . . the person . . . engages

---

1. The State asserts, in reliance on *Hayes v. State,* 166 S.W.3d 899, 900 (Tex.App.-Amarillo 2005, pet. ref'd), that Hulsey did not preserve his complaint for appellate review because he did not object to the trial court's failure to explain why Hulsey would not be unfairly prejudiced by joinder. To the extent *Hayes* requires such an objection to preserve the trial court's denial of a motion for severance under section 3.04(c) for appellate review, we disagree with it.

in sexual contact with the child or causes the child to engage in sexual contact." TEX. PEN.CODE ANN. § 21.11(a)(1) (Vernon 2003). Sexual contact means the following, if committed with the intent to arouse or gratify the sexual desire of any person: "any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person." *Id.* § 21.11(c)(2).

The State concedes in its brief that there is no evidence that Tara touched Hulsey's genitals and that the conviction on Count Nine should be reversed. We concur with the State's assessment. Viewing all of the evidence in the light most favorable to the verdict and giving full play to the responsibility of the factfinder fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts, we hold that no rational factfinder could have found that Hulsey committed the offense of indecency with Tara by contact. *See Jackson,* 443 U.S. at 318–19, 99 S.Ct. at 2788–89; *Santellan v. State,* 939 S.W.2d 155, 160 (Tex.Crim.App.1997). We sustain Hulsey's third issue, but because the trial court had ordered the ten-year sentences under Counts Six, Seven, Eight, and Nine to be served concurrently with the fifteen-year sentence under Count One, the judgment of acquittal does not affect his cumulated sentence of fifty years.

## Conclusion

We affirm the trial court's judgment on Counts One through Eight. We reverse the trial court's judgment and render a judgment of acquittal on Count Nine.