IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00188-CR

No. 10-06-00189-CR

 

Steven Richard Watson, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 396th District Court

Tarrant County, Texas

                          Trial
Court Nos. 0952848D and 0952999D

 



MEMORANDUM  Opinion



 








            A jury convicted Stephen Richard
Watson, Jr. of three charges of aggravated sexual assault of a child and
assessed his punishment at seventy years’ imprisonment for each conviction. 
Watson contends in six points that: (1) the evidence is legally and factually
insufficient to support either conviction (two points); (2) the multiple
convictions violate state and federal double jeopardy prohibitions; (3) the
court abused its discretion by admitting outcry testimony from three police
officers; (4) his right of confrontation was denied by the admission of a
sexual assault nurse examiner’s testimony regarding statements the complainant
made to her; and (5) the court abused its discretion by denying his motion for
the State to make an election of the offenses for which it would seek
conviction.  We will affirm.

Legal and Factual Insufficiency

            Watson contends in his first two
points that the evidence is legally and factually insufficient to support
either conviction because the complainant equivocated in his testimony, because
there were conflicts between the complainant’s testimony and the testimony of
the sexual assault nurse examiner and the police officers, and because of a
lack of physical evidence.

            In reviewing a claim of legal
insufficiency, we view all of the evidence in a light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential element beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Sells v.
State, 121 S.W.3d 748, 753-54 (Tex. Crim. App. 2003).

            In a factual insufficiency review, we
ask whether a neutral review of all the evidence, though legally sufficient,
demonstrates either that the proof of guilt is so weak or that conflicting
evidence is so strong as to render the factfinder’s verdict clearly wrong and
manifestly unjust.  Watson v. State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006).

            The jury convicted Watson of three
counts of aggravated sexual assault:

·                   
penetrating the anus of the
complainant J.T. with his penis (appellate cause no. 10-06-188-CR; trial court
cause no. 0952848D);

 

·                   
causing J.T.’s penis to
contact his mouth (appellate cause no. 10-06-189-CR; trial court cause no.
0952999D, count one); and

 

·                   
causing his penis to penetrate
J.T.’s mouth (appellate cause no. 10-06-189-CR; trial court cause no. 0952999D,
count two).

 

            Watauga Police Officer Jason Reddick
was the State’s first witness.  Reddick testified that the complainant’s mother
called to report that a neighbor had been cursing at her nine-year-old son J.T. 
J.T. confirmed that this had happened, and Reddick went to the neighbor’s house
and advised him to be more cautious in talking to children in the
neighborhood.  J.T. asked to speak with Reddick again.  J.T. told Reddick that
Watson had forced him into a vacant house on the street five days earlier.[1] 
Watson forced him into a bathroom, removed their clothes, laid on top of J.T.,
and “touched his front private to [J.T.’s] private in the back.”

            At that point, Reddick contacted his
supervising officer Samuel Nance and asked Nance to come and help him determine
whether a detective should be called to take over the investigation.  Nance met
with Reddick and J.T. then contacted Detective Dennis Riley.  After Riley
arrived, he took over the investigation.

            Reddick testified that J.T. offered no
further details when Nance arrived.  However, after Riley began questioning
J.T., additional details came to light.  According to Reddick, J.T. told them
that Watson had also forced him to touch Watson’s penis and perform oral sex on
him.

            Consistent with Reddick’s testimony, J.T.
testified that Watson forced him into a bathroom in the vacant house.  He
testified that Watson took his clothes off and inserted his penis into J.T.’s
anus while telling J.T.  “This isn’t going to hurt a bit.”  J.T. also testified
that Watson forced him to touch Watson’s penis with his hand, but he did not
remember Watson forcing him to perform oral sex or telling anyone that Watson
had forced him to do so.  J.T. went home and changed his shirt “[b]ecause it
was wet” with “white stuff.”

            On cross-examination by defense
counsel, Officer Nance testified that J.T. told Reddick and him that Watson
“touched his private area on [J.T.’s] private part, and he pointed to his butt
area.”  J.T. did not tell Nance “about oral sex of any kind or any kind of
masturbation.”

            Over Watson’s objection, Detective
Riley testified that J.T. discussed something “involving oral sex.”  However,
after further questioning by both the prosecutor and defense counsel, Riley
clarified that he did not recall any conversation about oral sex on the night
he went to J.T.’s home.[2]

            The sexual assault nurse examiner
testified that she interviewed J.T. twelve days after the report to the police
was made.  J.T. told her that Watson’s penis touched his anus, that Watson
performed oral sex on him, that Watson made him perform oral sex on Watson,
that Watson touched his penis, and that Watson made him touch Watson’s penis. 
J.T. also told her that Watson ejaculated.  The nurse examiner testified that
there was no physical evidence of a sexual assault and explained that this is
common in this type of case.

            Viewed in the light most favorable to
the verdicts, J.T.’s testimony alone is sufficient to support Watson’s
conviction for the charge involving anal penetration (appellate cause no.
10-06-188-CR; trial court cause no. 0952848D).  See Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005) (conviction for aggravated sexual assault of a child “is
supportable on the uncorroborated testimony of the victim”); Abbott v. State,
196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref’d).

            With regard to the remaining
convictions, the testimony of Officer Reddick and the nurse examiner constitute
legally sufficient evidence to support the verdicts despite J.T.’s failure to
recall anything involving oral sex.  See Chambers v. State, 805 S.W.2d 459,
461 (Tex. Crim. App. 1991) (evidence legally sufficient despite complainant’s
recantation); Jackson v. State, 110 S.W.3d 626, 631 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d) (evidence legally sufficient though complainant
signed affidavit of non-prosecution).

            Watson contends the evidence is
factually insufficient because the complainant equivocated in his testimony,
because there were conflicts between the complainant’s testimony and the
testimony of the nurse examiner and the police officers, and because of the
lack of physical evidence.  These issues largely concern matters of
credibility.

            The jury is “the sole judge of the
weight and credibility of witness testimony.”  Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002).  By its verdict, the jury chose to
believe the State’s version of the events.  See Chambers, 805 S.W.2d at
461; May v. State, 139 S.W.3d 93, 99 (Tex. App.—Texarkana 2004, pet.
ref’d); Parker v. State, 119 S.W.3d 350, 355 (Tex. App.—Waco 2003, pet.
ref’d).  We must defer to the jury in its resolution of such issues.  See
Vasquez, 67 S.W.3d at 236; May, 139 S.W.3d at 99; Parker, 119
S.W.3d at 355.  Thus, we cannot say that the proof of guilt is so weak or that
conflicting evidence is so strong as to render the jury’s verdicts clearly
wrong and manifestly unjust.  See Watson, 204 S.W.3d at 414-15; Abbott,
196 S.W.3d at 341; May, 139 S.W.3d at 99.

            Accordingly, we overrule Watson’s
first and second points.

Motion to Compel Election

            Watson contends in his sixth point
that the court abused its discretion by denying his motion for the State to
make an election of the offenses for which it would seek conviction in
appellate cause no. 10-06-189-CR (trial court cause no. 0952999D).

            In count one, the State alleged that
Watson caused J.T.’s penis to contact his mouth, and in count two, the State
alleged that Watson caused his penis to penetrate J.T.’s mouth.  Watson argues
that the State was required to elect between these allegations because they
involve a “continuous course of conduct.”

            An election is required when an
indictment alleges a single sexual assault but the evidence shows multiple sexual
assaults.  O’Neal v. State, 746 S.W.3d 769, 771 (Tex. Crim. App. 1988); Hulsey
v. State, 211 S.W.3d 853, 855 (Tex. App.—Waco 2006, no pet.); see also Renteria
v. State, 199 S.W.3d 499, 507 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d).  The indictment under review alleges violations of subsections (B)(ii)
and (B)(iii) of section 22.021(a)(1) of the Penal Code.  See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(ii),
(iii) (Vernon Supp. 2006).  These are allegations of “separate statutory
offenses.”  Vick v. State, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999); accord
Mathonican v. State, 194 S.W.3d 59, 66 (Tex. App.—Texarkana 2006, no
pet.).  Thus, in Mathonican, the Texarkana Court of Appeals construed
allegations that the defendant (1) “caus[ed] J.M.'s sexual organ to penetrate
Mathonican's mouth” and (2) “caus[ed] Mathonican's penis to penetrate J.M.'s
mouth” as “different crimes.”  Mathonican, 194 S.W.3d at 66.

            Because counts one and two allege
distinct statutory offenses, no election was required.  See Moore v. State,
143 S.W.3d 305, 312 (Tex. App.—Waco 2004, pet. ref’d); Owens v. State,
96 S.W.3d 668, 672-73 (Tex. App.—Austin 2003, no pet.).  Thus, we overrule
Watson’s sixth point.

Double Jeopardy

            Watson contends in his third point
that his conviction for both of the offenses alleged in appellate cause no.
10-06-189-CR (trial court cause no. 0952999D) violates the state and federal
prohibitions against double jeopardy.  This Court rejected a similar contention
in Hanson v. State.  180 S.W.3d 726, 732-33 (Tex. App.—Waco 2005, no
pet.).  We have already explained that the two counts of the indictment allege
distinct statutory offenses.  Therefore, Watson’s conviction for one of these
offenses does not bar his conviction for the other.  See id. 
Accordingly, we overrule Watson’s third point.

Outcry Testimony

            Watson contends in his fourth point
that the court abused its discretion by allowing Reddick, Nance, and Riley to
all provide outcry testimony.

            In most cases, there will be only one
“outcry witness.”  See Tex. Code
Crim. Proc. Ann. art. 38.072, § 2(a)(2) (Vernon 2005) (defining outcry
witness as “the first person, 18 years of age or older, other than the
defendant, to whom the child made a statement about the offense”).  However,
outcry testimony “is not person-specific, but event-specific.”  West v.
State, 121 S.W.3d 95, 104 (Tex. App.—Fort Worth 2003, pet. ref’d) (citing Broderick
v. State, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref’d)).  Thus,
“there may be two [or more] proper outcry witnesses if they each testify about
different events, but there may be only one outcry witness to the victim’s statement
about a single event.”  Broderick, 35 S.W.3d at 73.  Before there may be
more than one outcry witness, however, it must be determined that each
witness’s testimony is “about different events and not simply a repetition of
the same event as related by the victim to different individuals.”  West,
121 S.W.3d at 104 (quoting Broderick, 35 S.W.3d at 73).

            Here, only Reddick provided outcry
testimony as that term is customarily understood.  He was the first officer to
meet with J.T.  Reddick testified that J.T. told him Watson had “touched his
front private to [J.T.’s] private in the back,” had forced J.T. to touch his
penis, and had forced J.T. to perform oral sex on him.

            Nance provided no outcry testimony on
direct examination.  Rather, on cross-examination by Watson, he testified to
some details of the offense.  Because Watson asked Nance about the details of
the offense, he cannot complain on appeal that Nance answered the question
asked.  See Rodriguez v. State, 90 S.W.3d 340, 357 (Tex. App.—El Paso 2001,
pet. ref’d) (“Appellant cannot complain on appeal of error in which he was a
moving factor”).

            Riley testified over Watson’s
objection that J.T. had said something “involving oral sex” on the night the
officers interviewed him.  From the prosecutor’s subsequent questions, it
appears that she was seeking additional testimony that Watson had forced J.T.
to perform oral sex on him.  Riley later testified that he did not recall any
conversation with J.T. involving oral sex on that night.

            The prosecutor should not have asked
Riley to testify about any details of the sexual assault that Reddick had already
testified about.  See Brown v. State, 189 S.W.3d 382, 387 (Tex. App.—Texarkana 2006, pet. ref’d); West, 121 S.W.3d at 104.  However, because
Riley’s testimony on this issue was vague, because he effectively recanted this
testimony, and because both Reddick and the nurse examiner testified to the
same issue we conclude that Watson’s substantial rights were not affected by
the admission of Riley’s testimony on this issue.  See Tex. R. App. P. 44.2(b); West,
121 S.W.3d at 104-05.

            Accordingly, we overrule Watson’s
fourth point.

Right of Confrontation

            Watson contends in his fifth point
that his right of confrontation was denied by the admission of the sexual
assault nurse examiner’s testimony regarding statements J.T. made to her. 
However, Watson did not object on this basis to the nurse examiner’s testimony.[3] 
Thus, he has not preserved this issue for appellate review.  See Lasher v. State,
202 S.W.3d 292, 295 (Tex. App.—Waco 2006, pet. ref’d); Crawford v. State,
139 S.W.3d 462, 464 (Tex. App.—Dallas 2004, pet. ref’d).  Accordingly, we
overrule Watson’s fifth point.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed August 15, 2007

Do not publish

[CRPM]









[1]
              Watson was visiting in the
house of the neighbor about whom J.T.’s mother had initially called the police.





[2]
              Apparently, Riley’s
recollection of this aspect of J.T.’s allegations came from his review of a
videotaped interview J.T. later provided at the Child Advocacy Resource and
Evaluation (CARE) clinic.





[3]
              Watson refers in his brief to
a motion for mistrial he urged at trial.  However, this motion was urged in
response to questioning of J.T. by the prosecutor and not during the nurse
examiner’s testimony.  Watson’s objections to the nurse examiner’s testimony
included improper speculation, leading, relevance, and non-responsiveness.  He
did not object on the basis of a denial of the right of confrontation.