NO. 07-07-0437-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 27, 2009

______________________________


RICHARD W. DEMPS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410574; HONORABLE CECIL PURYEAR, JUDGE
______________________________


OPINION


Before CAMPBELL and HANCOCK and PIRTLE, JJ.


          Appellant, Richard W. Demps, was convicted by a jury of the offense of sexual
assault.


 Upon a finding of true to an enhancement alleging a prior sexual assault
conviction, an automatic life sentence was imposed.


 By two points of error, Appellant
contests the factual sufficiency of the evidence and the adequacy of the jury charge. 
Addressing those issues in reverse order, we affirm.
Background
          The indictment in this cause alleged that on or about September 16, 2005, in
Lubbock County, Texas, Appellant intentionally and knowingly caused the sexual organ of
T.C., a child who was then and there younger than 17 years of age, to contact Appellant’s
sexual organ. Prior to trial, the State filed a notice that it intended to use extraneous
offenses and evidence of other crimes at trial including evidence related to multiple sexual
assaults perpetrated by Appellant against T.C. that allegedly occurred on or about April 1,
2005 through September 20, 2005, in Lubbock and Terry Counties.



          At trial, David Cruz, an officer for the Brownfield Police Department, testified that
T.C. gave him a sworn statement stating that Appellant engaged in sexual intercourse with
her in Lubbock, and later in Brownfield on September 16, 2005. Max Walden, T.C.’s foster
parent, and Kelly Whitman, an employee of Lubbock’s Rape Crisis Center, also testified
that T.C. told them Appellant engaged in sexual intercourse with her in Lubbock and
Brownfield during the weekend of September 16. Mario Gonzalez, an officer with the
Lubbock Police Department testified that, after meeting with T.C. on September 18, 2005,
he believed T.C. had been sexually assaulted in Lubbock.
          T.C. herself testified that, in 2005, she was living in Lubbock with her foster parents,
Max and Hazel Walden. She often spent time at a friend’s house across the street where
she met Appellant. Appellant, who was then over thirty years of age, was aware T.C. was
only fourteen. Approximately a week after meeting, Appellant and T.C. began meeting
secretly at her friend’s house every other night to engage in sexual intercourse. After
Appellant moved, they continued to meet secretly at other persons’ houses in order to
engage in sexual intercourse. 
            While intending to arrange another secret meeting with Appellant, T.C. asked her
foster parents for permission to spend the night at her friend’s house on Friday, September
16, 2005. After arriving at her friend’s house, she called Appellant and made
arrangements for him to pick her up. She then told her friend’s mother that she would be
leaving with a relative. Appellant, along with his friends, Roderick Reed and Matthew
Gonzales, and their children subsequently picked T.C. up in Reed’s car. They drove to a
friend’s house and stayed approximately one hour. 
          T.C. then traveled to Brownfield with Appellant and his friends where she stayed
overnight with Appellant at his father’s house. On Saturday morning, she decided to stay
in Brownfield and had sexual intercourse with Appellant that afternoon. Later that day, she
went to her aunt’s house where she spent the night. On Sunday, her aunt contacted her
foster parents and they drove to Brownfield to pick her up. 
          At trial, T.C. testified that she lied when she told her foster parents, police officers,
and the rape crisis worker that she had sexual intercourse with Appellant in Lubbock on
September 16. She testified that she lied because she was afraid of “what she was going
to face.” 
          Whitman testified that, on September 18, T.C. underwent a physical examination
and specimens were taken from her body and clothing. The specimens were later tested
against specimens taken from Appellant. David Young, a forensic serologist for the
Department of Public Safety, testified that Appellant’s DNA was a match for DNA found in
the specimens taken from T.C.’s body and clothing.
          Appellant produced a number of witnesses who testified that when he and T.C. were
at his friends’ houses in Lubbock and Brownfield, they were never alone or the
circumstances were such that they were not permitted to engage in sexual intercourse. 
Other witnesses testified that T.C. appeared to be between seventeen and twenty-two
years of age, and represented she was nineteen years old.
          At the jury charge hearing, Appellant’s counsel objected to the State’s “extraneous
offense” charge asserting that the charge was an attempt to convict Appellant on
extraneous offenses rather than the offense alleged in the indictment, i.e., that Appellant
had sexual contact with T.C. in Lubbock on or about September 16, 2005. (Emphasis
added). The trial court overruled the objection and issued the following instructions:
The defendant, RICHARD DEMPS, stands charged by indictment with the
offense of sexual assault, alleged to have been committed in Lubbock
County, Texas, on or about September 16, 2005. 
* * * 
4. You are instructed that the State is not bound by the date alleged in the
indictment but to proof that the offense was committed any time prior to the
return of the indictment that is within the period of limitations. You are
instructed that the statute of limitation for the offense of sexual assault of a
child is ten years from the 18th birthday of the victim of the offense.
* * * 
5. Now bearing in mind the foregoing instructions, if you find from the
evidence beyond a reasonable doubt that on or about September 16, 2005,
in Lubbock County, Texas, as alleged in the indictment, the defendant,
RICHARD DEMPS, did then and there intentionally or knowingly cause the
sexual organ of [T.C.], a child who was then and there younger than
seventeen (17) years of age, to contact the sexual organ of the defendant,
then you will find the defendant guilty of the offense sexual assault, and so
say by your verdict. 
* * * 
 
6. You are further charged that if there is any evidence before you in this
case tending to show that the defendant herein committed offenses other
than the offense alleged against him in the indictment, you cannot consider
said testimony for any purpose unless you find and believe, beyond a
reasonable doubt, that the defendant committed such other offenses, if any
were committed; and if you find and believe beyond a reasonable doubt from
such testimony that other offenses were committed, you may then consider
the same in determining the motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident, and for no other
purpose. 
* * * 
11. Your verdict, if any, will be by unanimous vote. 
      
          Thereafter, the jury found Appellant guilty of the offense of sexual assault as
charged in the indictment. On October 22, 2007, Appellant filed a motion for a new trial
asserting that the verdict was contrary to the law and evidence. The trial court denied
Appellant’s motion and this appeal followed.
Discussion
          I.        Jury Charge Error
           By his second issue, Appellant contends the trial court erred by including an
instruction (Paragraph 4 above) that allowed the jury to convict him for any offense
preceding the indictment and not barred by limitations, where the State was not compelled
to make an election as to the specific, discrete incident it was relying upon for conviction. 
Although multifarious in his presentation, Appellant’s real complaint is that the trial court
did not require the State to make an election, even though Appellant failed to either request
an election or object to the failure of the State to make an election.


 Appellant, however,
further contends that by allowing the jury to convict without tying the prosecution to a
specific incident, the trial court deprived him of his constitutional right to a unanimous
verdict. Although Appellant’s objection at trial did not specifically complain about a
deprivation of his constitutional right to a unanimous verdict, we will nevertheless liberally
construe his objection as encompassing that complaint.


 Tex. R. App. P. 33.1(a) and 38.9.
          When analyzing a jury-charge issue, we first determine if error occurred and, if so,
we then conduct a harm analysis. Ngo v. State, 175 S.W.3d 738, 743 (Tex.Crim.App.
2005). Where the error alleged is of a constitutional dimension, we must also determine
if it is subject to harmless error review. See generally Phillips v. State, 193 S.W.3d 904,
913 (Tex.Crim.App. 2006). If the error is subject to harmless error review, an appellate
court must reverse the judgment of conviction unless the court determines beyond a
reasonable doubt that the error did not contribute to the conviction. Tex. R. App. P.
44.2(a). 
          The indictment charged Appellant with intentionally and knowingly engaging in
sexual contact with a child in Lubbock County on September 16, 2005. At trial, the State
put on evidence in support of the September 16 sexual assault, but also elicited testimony
from T.C. that Appellant had sexually assaulted her in a like manner at various times and
locations in Lubbock in the weeks prior to September 16. Although the State may present
evidence or obtain a conviction by proof of similar criminal acts that occurred “on or about”
the date alleged in the indictment, Sledge v. State, 953 S.W.2d 253, 255, 259
(Tex.Crim.App. 1997), the danger that a verdict will not be unanimous “arises when a
multitude of incidents are presented to the jury and the State is not required to elect.” 
Phillips, 193 S.W.3d at 913.


 
          Although T.C.’s foster parent, police officers, and a rape crisis worker testified that
T.C. told them she was sexually assaulted in Lubbock on September 16, T.C. denied her
prior statements and testified generally regarding multiple assaults during the weeks
preceding the September 16 offense. Instruction No. 4 contained in the court’s charge
expanded the “on or about” September 16 offense alleged in the indictment to include the
preceding assaults. Although the jury charge did contain an instruction requiring a
unanimous verdict, it did not contain any additional instructions requiring unanimity as to
one distinct offense.


 Conceivably then, the jury could have believed that their verdict of
guilty or not guilty need only be unanimous on the general offense of sexual assault. 
Accordingly, we conclude that, taken as a whole, the jury charge contained error because
it failed to contain an instruction that the jurors must be unanimous in deciding which one
(or more) of the offenses proved at trial were committed by Appellant.
          Having found error, the next question before this Court is whether that error is
subject to a harmless error analysis. The Texas Court of Criminal Appeals has held that
all errors, with the exception of certain federal constitutional errors labeled as “structural,”
are subject to a harmless error analysis. Cain v. State, 947 S.W.2d 262, 264 (1997). “A
‘structural’ error ‘affect[s] the framework within which the trial proceeds, rather than simply
an error in the trial itself’ and ‘render[s] a trial fundamentally unfair.’” Jordan v. State, 256
S.W.3d 286, 290 (Tex.Crim.App. 2008)(quoting Arizona v. Fulminante, 499 U.S. 279, 310,
111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) and Rose v. Clark, 478 U.S. 570, 577, 106 S.Ct.
3101, 92 L.Ed.2d 460 (1986)). Here, the trial court’s failure to include an additional
instruction requiring unanimity as to one distinct offense is subject to a harmless error
analysis. Phillips v. State, 193 S.W.3d at 913.
          We must now determine whether that error was harmless. Under the facts of this
case, our analysis requires us to reverse unless we find beyond a reasonable doubt that
the error did not contribute to the conviction. Tex. R. App. P. 44.2(a). In determining
whether the failure to include an additional distinct offense unanimity instruction is
harmless beyond a reasonable doubt, an appellate court should consider: (1) the degree
to which the jury might have been confused as to which offense the State was intending
to prosecute; (2) the extent to which the charged offense was distinct; (3) the extent to
which the non-charged extraneous offense or offenses were distinguishable; (4) the
presence or absence of evidence corroborating or contradicting the charged offense; (5)
the overall strength of the State’s case; and (6) the emphasis placed on the non-charged
offense or offenses by the prosecution or defense.
          Here, the indictment expressly described the September 16 offense. The State
spoke only of this offense in their opening statement, elicited detailed evidence from a
number of witnesses as to the September 16 offense in its case-in-chief, and emphasized
this offense in its summation. Forensic evidence supported the commission of an offense
on or near September 16 and the only other possible source of that DNA evidence was an
extraneous offense that was clearly distinguishable from the charged offense because it
allegedly occurred in another county. While the extraneous offenses were referenced
generally in the State’s summation, that reference was for the purpose of establishing
Appellant’s method of operation and/or his previous relationship with T.C.


 and they were
not argued as an alternative or additional offense. Moreover, the September 16 offense
was the only offense expressly set forth in the jury charge.
           We find that, because the State focused its attention solely on one particular
occurrence, it would have been clear to both Appellant and the jury that the State was
relying on the September 16 occurrence, and only that occurrence, to convict. See Hulsey
v. State, 211 S.W.3d 853, 857 (Tex.App.–Houston [14th Dist.] 2004, no pet.); Phillips, 130
S.W.3d at 354-55. Moreover, there is no reasonable basis for believing that the jury could
not have convicted Appellant on the basis of T.C.’s prior statements made shortly after the
September 16 offense to, at least, three different persons, especially considering the
forensic evidence which tied Appellant to the offense and the circumstantial evidence
indicating Appellant had engaged in a pattern of sexual assaults against T.C. that were
similar, if not identical, to the September 16 offense. Accordingly, the evidence related to
the September 16 offense was clearly sufficient, beyond a reasonable doubt, in and of
itself to support a finding of guilt, and was certainly the act relied upon by the State to
support the conviction. See Dixon v. State, 201 S.W.3d 731, 735 (Tex.Crim.App. 2006).
          Especially in light of the general instruction requiring unanimity, we find the trial
court’s failure to include a further instruction requiring unanimity as to one distinct incident
did not contribute to the conviction. Tex. R. App. P. 44.2(a). See Phillips, 193 S.W.3d at
914. Point of error two is overruled.
          II.       Factual Sufficiency
          When conducting a factual sufficiency review, we examine all the evidence in a
neutral light and determine whether the trier of fact was rationally justified in finding guilt
beyond a reasonable doubt. Roberts v. State, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007),
cert. denied, ___ U.S. ___,128 S.Ct. 282, 169 L.Ed.2d 206 (2007); Watson v. State, 204
S.W.3d 404, 415 (Tex.Crim.App. 2006).


 We give deference to the fact finder’s
determination when supported by the record, and cannot reverse a conviction unless we
find some objective basis in the record demonstrating that the great weight and
preponderance of the evidence contradicts the verdict. Watson, 204 S.W.3d. at 417. The
criminal verdict will be set aside “only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence so strong that the standard of proof
beyond a reasonable doubt could not have been met.” Garza v. State, 213 S.W.3d 338,
343 (Tex.Crim.App. 2007). In addition, the fact finder is entitled to judge the credibility of
the witnesses and may choose to believe all, some or none of the testimony presented. 
Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). 
          Any inconsistency between T.C.’s statements made shortly after the assault to her
foster father, police officers, and rape crisis worker, and her subsequent testimony at trial
went to her credibility. That Appellant and T.C. engaged in sexual intercourse in Lubbock
on September 16 at a friend’s house is also supported by evidence that Appellant met her
several times at other persons’ homes for the purpose of having sexual intercourse and
then T.C. returned as quickly as possible to avoid detection by her foster parents. 
Moreover, when T.C. called Appellant to arrange the September 16 meeting, she initially
planned to remain in Lubbock. Based upon this evidence, the jury could have reasonably
believed that Appellant sexually assaulted T.C. in Lubbock on September 16 even though
T.C.’s trial testimony was inconsistent with her earlier statements. See, e.g., In re A.B.,
133 S.W.3d 869, 873-74 (Tex.App.–Dallas 2004, no pet.); Washington, 127 S.W.3d at 205. 
          Our evaluation of the evidence “should not substantially intrude upon the jury’s role
as the sole judge of the weight and credibility of witness testimony.” Jones v. State, 944
S.W.2d 642, 648 (Tex.Crim.App. 1996), cert. denied, 522 U.S. 832, 118 S.Ct. 100, 39
L.Ed.2d 54 (1997). To the extent Appellant claims the evidence is factually insufficient
because T.C.’s prior statements were not credible or the jury gave insufficient weight to the
testimony of Appellant’s friends, we hold that the evidence in support of the jury’s verdict
was not so weak as to render the verdict clearly wrong or manifestly unjust. Appellant’s
first point of error is also overruled.Conclusion
          The trial court’s judgment is affirmed. 
                                                                           Patrick A. Pirtle 

 Justice 

 



Publish.






YLE="font-family: Arial" STYLE="font-size: 10pt">This suggests that the trial court was aware of the disqualification but was of the erroneous
impression that it could be waived.
7. At that time, Article 616, C.C.P. (currently 35.16), provided in part as follows:

 A challenge for cause is an objection made to a particular juror, alleging some fact which renderes
him incapable or unfit to serve on the jury. It may be made for any one of the following reasons:


* * * 


 3. That he has been convicted of theft or any felony.

 4. That he is under indictment or other legal accusation for theft or any felony.

 5. That he is insane or has such defect in the organs of seeing, feeling or hearing, or such bodily
or mental defect or disease as to render him unfit for jury service.


And Art. 619 (currently 35.19), provided:


 No juror shall be impaneled when it appears that he is subject to the third, fourth or fifth
clause of challenge in article 616, tho both parties may consent. 
8. Article 44.46, entitled Reversal of Conviction on the Basis of Service on Jury by a Disqualified Juror
provides:


 A conviction in a criminal case may be reversed on appeal on the ground that in the case
was absolutely disqualified from service under Article 35.19 of this code only if:


 (1) the defendant raises the disqualification before the verdict is entered;
or

 (2) the disqualification was not discovered or brought to the attention of the
trial court until after the verdict was entered and the defendant makes a
showing of significant harm by the service of the disqualified juror.