**Thomas Wesley NELSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47300.**

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

George R. Milner (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for fondling. Punishment was assessed by the jury at twenty years.

Appellant contends that the court erred in overruling his motion for an instructed verdict in that the evidence was insufficient to support a conviction.

Article 535d, Section 1, Vernon's Ann. P.C.[1] provides:

"It shall be unlawful for any person with lascivious intent to intentionally

---

1. The Texas Penal Code, Acts 1973, 63rd Leg., Chapter 399, effective January 1, 1974, provides:

Sec. 21.11
"(a) a person commits an offense if, with a child younger than 17 years and not his

place or attempt to place his or her hand or hands, or any portion of his or her hand or hands upon or against a sexual part of a male or female under the age of fourteen (14) years, or to in any way or manner fondle or attempt to fondle a sexual part of a male or female under the age of fourteen (14) years, or to intentionally place or attempt to place his or her hands or any part of his hand or hands upon the breast of a female under the age of fourteen (14) years, or to in any way or manner fondle or attempt to fondle the breast of a female under the age of fourteen (14) years."

The record reflects that the prosecutrix is the nine-year-old daughter of the appellant. The offense for which appellant was convicted was alleged to have occurred on August 27, 1971. Prosecutrix lived with her mother and met appellant for the first time "two or three weeks before school was out" in 1971. Prosecutrix testified that on the occasion in question she was visiting appellant. Appellant asked her to unbutton her blouse, stating that there was "nothing to be afraid about" and that "he was going to check me over."

The record reflects the following testimony of prosecutrix relative to appellant's conduct after he unbuttoned her blouse:

"Q. Now after he unbottoned your blouse to check you over what did he do?

"A. He rubbed my chest."

The question presented is whether the testimony of the prosecutrix "He rubbed my chest" is sufficient proof to sustain the allegation in the indictment that appellant

did ". . . place his hand against the breasts of . . ." The statutes do not contain a definition of "breasts." Webster's Third New International Dictionary defines "breast"; "either of the two protuberant milk-producing glandular organs situated on the front of the chest or thorax in the human female . . ." and "The fore or ventral part of the body between the neck and the abdomen, the front of the chest."

The aforementioned dictionary defines "chest" as "the part of the body enclosed by the ribs and breast bone."

Patently, the definition of "chest" is broader than the definition of "breast" and includes a larger area of the body than that encompassed by the latter.

The State cites a number of cases in which this court has affirmed fondling convictions where the victim has used words different from those in the indictment to describe the area of the body fondled. Whatley v. State, Tex.Cr.App., 488 S.W.2d 422; Mounce v. State, Tex.Cr. App., 432 S.W.2d 104; Thomas v. State, Tex.Cr.App., 399 S.W.2d 555; Ball v. State, 163 Tex.Cr.R. 214, 289 S.W.2d 926. We have reviewed these decisions, and while the victims therein did not use the precise words set forth in the indictments, their testimony was sufficient to identify the area of the body alleged to have been violated by the accused. This is not true in the instant case. The testimony "He rubbed my chest" is insufficient proof to sustain the averment in the indictment that appellant did "place his hand against the breasts" of the prosecutrix.

---

-spouse, whether the child is of the same or opposite sex, he:

"(1) engages in sexual contact with the child;"

Sec. 21.01

"(2) 'Sexual contact' means any touching of the anus or any part of the genitals of another person or the breast of a female 10

years or older with intent to arouse or gratify the sexual desire of any person."

With regard to the effect of the repeal of Article 535d, V.A.P.C., see Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 6(b) (Savings Provisions) and Ragon v. State, 506 S.W.2d 214 (Tex.Cr.App., 1974).

In view of the error discussed, other contentions raised by appellant will not be reviewed.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.