**William Lee HEDRICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-87-406-CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

Rehearing Denied Oct. 6, 1988.

than seventeen years of age and not the spouse of appellant."

At the original arraignment on May 28, 1987, appellant entered a plea of not guilty. Upon his request, the trial court conducted another arraignment on July 20, 1987, at which time appellant changed his plea to nolo contendre. The State then introduced the following evidence without objection: 1) a document signed by appellant entitled "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of No Contest"; 2) the investigative report of Cameron County Criminal Investigator Nikki Roberts; 3) a signed statement of A____ T____ detailing the circumstance surrounding the charged offense; and 4) a statement by Department of Human Services caseworker Victor Black. The trial court found that the evidence substantiated appellant's plea and adjudged appellant guilty as charged.

By his sole point of error, appellant contends the evidence is insufficient to support his conviction. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex. Crim.App.1984).

Appellant initially points out that A____ T____'s statement does not refer to him by name; rather, it refers to him as the father of "Marcie," one of the victim's neighbors who lives on Princess Palm Drive in Brownsville. Appellant argues that consequently, the State failed to meet its burden of proving that he was the perpetrator of the charged offense. We disagree.

Appellant is identified in Investigator Roberts' report as the adoptive father of Marcie, Sahara, and Margie Hedrick. His address is listed as 12 Princess Palm Drive in Brownsville, Texas.

Furthermore, in the document entitled "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury and Plea of No Contest," appellant stipulated that

Jeffrey L. Wilde, Larry Warner, Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and DORSEY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

The trial court found appellant, William Hedrick, guilty of indecency with a child and assessed punishment at 12 years' imprisonment. By his sole point of error, appellant challenges the sufficiency of the evidence to uphold his conviction. We affirm.

The indictment charged that on December 8, 1986, appellant, with the intent to arouse and gratify his sexual desire, engaged in "sexual contact by touching the genitals of A____ T____, a child younger

he is "the identical person referred to in the exhibits and stipulated evidence and if the witnesses were present, sworn and testifying under oath that they would testify as set out in their written statements and would identify the [appellant] as the person of whom they speak in said exhibits and stipulations."

██ Appellant next argues that the State failed to establish that he "touch[ed] the genitals of A____ T____" as alleged in the indictment.

A____ T____'s sworn statement recites that on three separate occasions appellant touched her over her clothes on the *las cositas.* Each time they appear, the words *las cositas* are followed by the parenthetical explanation "(the little things, genital area)." The investigative report also states that according to A____ T____, appellant touched her in the "genital area" over her clothes.

Citing as authority *Nelson v. State,* 505 S.W.2d 551 (Tex.Crim.App.1974), appellant contends that evidence of a touching on the "genital area" is insufficient to warrant a conviction for the "touching of the genitals" of A____ T____.

In *Nelson,* the question before the Court of Criminal Appeals was whether the victim's testimony that "he rubbed my chest" was sufficient to sustain the allegation in the indictment that the defendant did "place his hand against the breasts" of the victim. The Court found the evidence insufficient because the definition of "chest" was patently broader than the definition of "breast" and "includes a larger area of the body than that encompassed by the latter." *Nelson,* 505 S.W.2d at 552. We do not find the foregoing analysis to be applicable to the case at bar.

Although a child may be too young to be able to accurately describe the parts of her body in a technical manner, if she sufficiently communicates to the trier of fact that sexual contact occurred by a touching of any part of her genitals, the evidence will be sufficient to support a conviction for indecency with a child. *Clark v. State,* 558 S.W.2d 887, 889 (Tex.Crim.App.1977). We find that the recitations in A____

T____'s statement that appellant "touched [her] on the las cositas (little things, genital area)" amply communicated to the trial court that appellant touched her genitals as alleged in the indictment. *Cf. Whatley v. State,* 488 S.W.2d 422 (Tex.Crim.App.1973) (testimony of touching "where use restroom" sufficient to prove touching of a "sexual part, to-wit: the vulva"); *Ball v. State,* 289 S.W.2d 926 (Tex.Crim.App.1956) (testimony that defendant put hand on leg and "privates" sufficient to prove touching of vulva); *Guia v. State,* 723 S.W.2d 763 (Tex.App.—Dallas 1986, no pet.) (testimony of touching on "private place" and where "went to bathroom" sufficient to prove touching of "genitals"). We overrule appellant's point of error.

The judgment of the trial court is AFFIRMED.