CR5-265 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00265-CR







John Clarke, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0951321, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







PER CURIAM


 Appellant was convicted for the offense of indecency with a child by contact. Act
of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen. Laws 3474 (Tex. Penal Code
Ann. § 21.11, since amended). After the jury returned a guilty verdict, the court sentenced
appellant to thirty years' confinement in the Texas Department of Criminal Justice--Institutional
Division. We will affirm the trial-court judgment.

 Appellant brings seven points of error. In point one, he complains that the evidence
was insufficient because no evidence directly supports the element of contact between appellant
and complainant's genitals. He further complains that the trial court erred in allowing the
testimony of James Miller as an outcry witness because the State failed to give proper notice
(point two) and in refusing to allow appellant to question the complainant in the jury's presence
regarding another allegation of indecent misconduct that she made (point three). Finally, he
brings four points alleging ineffective assistance of counsel in that trial counsel failed to preserve
the claim that the complainant previously had made false allegations of sexual misconduct; failed
to exercise a peremptory challenge against a potential juror who clearly expressed a bias or
prejudice against appellant; failed to object to the hearsay testimony of James Miller; and failed
to preserve error which resulted from the trial court's admission of appellant's prior conviction
in a military court martial (points four through seven).



Factual Background


 On December 29, 1993, N. M., the complainant, was visiting her friend Andrea
at a house two houses away from the complainant's residence. Appellant, Andrea's cousin, was
there, as well as Andrea's uncle and the complainant's younger brother. The children were
playing a game in which one of them hid a candy cane in the Christmas tree and the others tried
to find it. The sexual contact occurred during this visit.

 As complainant was leaving the house, Andrea's mother was driving up to the
house. The complainant was crying, and told her that appellant had asked for a kiss. 
Complainant then went home and telephoned her father. While she was talking to her father,
appellant knocked on the door. She did not let him in. Her father asked his girlfriend to call
complainant while he called the police. He then left work to go to complainant's house where he
arrived after the police had already arrived.



Sufficiency of the Evidence


 In point of error one, appellant contends that the evidence is insufficient to support
the element of contact because complainant only testified that his hand was "close to" her private
part. Complainant did say that appellant sat her on his knee and put his hand "close to [her]
private part." However, she further testified that "his first finger was on the edge of my private
part" and that she could feel his touch against her private part. She later used an anatomically
correct doll and pointed to the doll's genital area when asked to show where appellant touched
her. She also testified that he told her to kiss him while he was touching her. In response to a
question on cross-examination about whether appellant was putting any pressure on her private
part or just touching it, her answer was he was "just touching [her private part]." Complainant's
father described a phone call from her in which she sounded scared and distraught and said that
appellant had rubbed her leg and genital area.

 We review the sufficiency of the evidence to see if, considering all of the record
evidence and the reasonable inferences from that evidence in the light most favorable to the
verdict, a rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Blankenship v. State, 780
S.W.2d 198, 206-7 (Tex. Crim. App. 1988); Bonham v. State, 680 S.W.2d 815, 189 (Tex. Crim.
App. 1984), cert. denied, 474 U.S. 865 (1985). The same standard applies to all cases, whether
direct or circumstantial evidence is involved. Robertson v. State, 871 S.W.2d 701, 705 (Tex.
Crim. App. 1993), cert. denied, 115 S. Ct. 155 (1994). The reviewing court considers all of the
evidence admitted at trial. Villalon v. State, 791 S.W.2d 130, 132 (Tex. Crim. App. 1990). 
Although a child may lack the technical knowledge to accurately describe parts of his or her body,
when the child has sufficiently communicated to the trier of fact that contact occurred with respect
to any part of the body within the definition of deviate sexual conduct, the evidence is considered
sufficient regardless of unsophisticated language. Cummings v. State, 651 S.W.2d 14, 16-17
(Tex. App.--Amarillo 1983, no pet.). The definition of genitals includes the vulva, which in turn
includes the labia majora. Clark v. State, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977); Ball
v. State, 289 S.W.2d 926, 928 (Tex. Crim. App. 1956).

 Complainant pointed to the genital area on an anatomically correct doll. She
testified that appellant touched her private part and also said that appellant's first finger was on
the edge of her private part. At the time of the offense, complainant was not yet ten years old. (1) 
The child was not old enough to be expected to recite that appellant touched her on the labia
majora. Her testimony, in connection with her pointing at an anatomically correct doll, was
sufficient to justify a conclusion that indicated appellant touched her on the genitals. See Villalon
at 134; Hedrick v. State, 759 S.W.2d 8, 10 (Tex. App.--Corpus Christi 1992, no pet.) (child's
testimony that defendant touched her on las cositas, ("little things," genital area) enough). We
overrule point of error one.



Evidentiary Objections


"Outcry" Notice

 In point of error two, appellant contends that the trial court erred in admitting the
testimony of James Miller, an outcry witness, when the defense was not given proper notice. 
Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1996). James Miller, complainant's father,
testified about statements made to him by the complainant over the phone. Appellant's trial
objection was "hearsay," not lack of notice. On appeal, appellant contends that the trial-court
action of sua sponte questioning whether proper notice had been given for Mr. Miller to qualify
as an outcry witness cured his failure to object. The State responds that even if appellant
preserved error, the trial court admitted Mr. Miller's testimony under the "excited utterance"
exception to the hearsay rule, not as an outcry witness. We agree with the State's position.

 We review the trial court's admission of evidence under an abuse of discretion
standard. Coffin v. State, 885 S.W.2d 140, 149 (Tex Crim. App. 1994). The "excited utterance"
exception to the hearsay rule states allows admission of "a statement relating to a startling event
or condition made while the declarant was under the stress of excitement caused by the event or
condition." Tex. R. Crim. Evid. 803(2); McFarland v. State, 845 S.W.2d 824, 846, (Tex. Crim.
App. 1992), cert. denied, 113 S. Ct. 2937 (1993). The court in McFarland stressed the factor
whether, at the time the statement was made, the declarant was "still dominated by the emotions,
excitement, fear, or pain of the event." McFarland, 845 S.W.2d at 846; Kipp v. State, 876
S.W.2d 330, 338 n.13 (Tex. Crim. App. 1994).

 At the time that complainant spoke to her father on the telephone, she was still
close in time to the event. She testified that she and her brother came home from Andrea's house
and that appellant came and knocked on her door "like five minutes afterwards." Appellant's visit
occurred while complainant was on the phone with her father, relating the events that had just
occurred. Her father testified that she was frightened, distraught and upset. Andrea's mother
testified that complainant appeared upset as she left the house. The court did not abuse its
discretion in finding that she was still dominated by the emotions of the event during the phone
call and admitting the evidence. We overrule point of error two.



Failure to Allow Victim To Be Questioned About Another Abuse Report

 In point of error three, appellant contends that the trial court erred in refusing to
allow him to question the complainant in the jury's presence regarding another allegation of
indecent contact that she reported. Specifically, appellant sought to question her concerning a
report to her principal that a substitute teacher rubbed her on the back, then put his hand on her
"butt." This incident occurred in 1995, approximately 14 months after the Christmas incident
with appellant. Appellant wanted to use this 1995 report to attack her credibility by showing a
propensity to make false allegations of child abuse.

 Appellant did not demonstrate that the school incident in any way involved false
allegations. Rather, he simply declared that complainant's story was unbelievable. When there
is no evidence that the complainant made a false accusation, any evidence concerning that
accusation is inadmissible because the allegations do not show interest, bias, motive or any other
relevant factor. Hughes v. State, 850 S.W.2d 260, 262-3 (Tex. App.--Fort Worth 1993, pet.
ref'd). The court did not err in prohibiting this line of questioning. We overrule point of error
three.



Ineffective Assistance


 Appellant brings four points of error contending that trial counsel provided
ineffective assistance. In presenting an ineffective assistance of counsel claim, an appellant must
show: (1) trial counsel's performance was deficient to the extent that he failed to function as the
"counsel" guaranteed by the Sixth Amendment and (2) but for trial counsel's alleged
unprofessional errors, there is a reasonable probability that the result of the trial would have been
different. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d
53, 57 (Tex. Crim. App. 1986) (adopting Strickland test for state constitutional claims); Keiser
v. State, 880 S.W.2d 222, 224 (Tex. App.--Austin 1994, pet. ref'd).

 The appellate court scrutinizes trial counsel's performance deferentially, and every
effort must be made to eliminate the distorting effect of hindsight. Strickland at 689. A strong
presumption exists in favor of counsel's conduct, and a defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial strategy. 
Strickland at 689; Keiser, 880 S.W.2d at 224. That another attorney might have pursued a
different strategy will not support a finding of ineffective assistance.

 Appellant has the burden of proving, by a preponderance of the evidence, that his
counsel was ineffective. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). The
record must contain evidence that rebuts the presumption of proper conduct on the part of defense
counsel. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).



Failing to Show 1995 Allegation False

 In his fourth point of error, appellant contends that counsel's performance was
ineffective because he failed to preserve for review the claim that complainant had previously
made false allegations of sexual misconduct against others. Appellant's specific complaint seems
to be that counsel did not adequately investigate the 1995 incident and that, if he had, counsel
should have made a bill of exception concerning the identity of the 1995 abuser. After reviewing
the record, we cannot say that counsel's performance was deficient and outside the range of
reasonable professional judgment and trial strategy.

 Appellant has provided no proof that counsel did not investigate the incident. 
Counsel vigorously cross-examined the complainant. He strenuously argued that the 1995
allegation should be admitted. The State notes that under Texas Rule of Criminal Evidence 608
appellant would have been limited in the use he could make of the 1995 incident. (2) Given the
problems inherent in an over-vigorous attack on a child, counsel may have decided that the risk
of alienating the jury outweighed any possible value that he could get from pursuing the issue. 
Appellant has failed to satisfy the first prong of the Strickland test because he has not shown
deficient performance. We overrule point of error four.



Failing to Exercise Peremptory Challenge

 In point of error five, appellant contends that counsel was ineffective for failing to
exercise a peremptory challenge against a potential juror who clearly expressed a bias or prejudice
against appellant and his defense. The juror in question, Mr. Johnson, replied "Yes" to the
prosecution's question whether any of the prospective jurors knew anyone who was accused of
molesting a child. He also answered affirmatively in response to the question whether the person
was "righteously" (3) accused. When asked if he felt justice ultimately was done he answered that
the person accused left the state before trial. The prosecutor asked if he felt that his experience
would affect him as a juror in the case. He answered, "No." He eventually was selected as a
juror.

 The record in this case is silent as to why appellant's trial counsel failed to
challenge venire member Johnson. The Court of Criminal Appeals has held that a trial counsel's
failure to challenge a venire member who had voiced his lack of impartiality did not constitute
ineffective assistance when the record was silent as to the reasons that trial counsel might have
kept him. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Delrio v. State, 840
S.W.2d 443, 443 (Tex. Crim. App. 1992). In contrast to the facts of the cause before us, in those
cases the venire member had clearly expressed a lack of impartiality. In this case, Mr. Johnson
clearly and unequivocally stated that his experience would not affect his ability to be impartial in
this cause. Nothing in his answers to the questions suggested that he thought anyone accused of
child abuse was automatically guilty. Appellant has failed to meet his burden of demonstrating
that the first prong of the Strickland test, i.e., defective performance, has been met. We overrule
point of error five.



Failing to Object to James Miller's Testimony

 In his sixth point of error, appellant contends that trial counsel was ineffective
because he failed to object to James Miller's testimony based on a lack of notice. Tex. Code
Crim. Proc. Ann. art. 38.072 (West Supp. 1996). As discussed in point two, the court admitted
Miller's testimony under the "excited utterance" exception to the hearsay rule. Appellant has not
demonstrated that an objection under article 38.072 would have been useful because, even if it had
been made, the court admitted Mr. Miller's testimony on completely independent grounds. 
Appellant has failed to meet the first prong of the Strickland test. We overrule point of error six.



Failing to Object to Court-Martial Conviction

 In his seventh point of error, appellant contends that trial counsel was ineffective
because he waived any error which resulted from the trial court's admission of appellant's prior
conviction. During the guilt-innocence stage of the trial, the court admitted, over defense
objection, evidence that appellant had a prior conviction for the felony offense of indecent acts
or liberties with a child in violation of the Uniform Code of Military Justice.

 The appellate court presumes trial counsel's choices to be within the wide range
of reasonable trial strategy. Trial counsel had attempted to exclude the confession, but the trial
court ruled it admissible for impeachment. Faced with that ruling, it was a reasonable strategy
to attempt to enhance appellant's credibility by "facing the music" first, without waiting for the
State to bring up the matter. Further, because the trial court had found the confession admissible
for impeachment, the outcome of the trial would not clearly have been different had the State,
instead of appellant, introduced the conviction because the jury would have had the information. 
We overrule point of error seven.

 Having overruled all seven of appellant's points of error, we affirm the judgment
of conviction. 


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: May 29, 1996

Do Not Publish

1.   Complainant was born February 8, 1984. At the time of trial in March 1995, she was
just over eleven.
2.   "Specific instances of the conduct of a witness, for the purpose of attacking or
supporting his credibility, other than conviction of crime as provided in Rule 609, may not
be inquired into on cross-examination of the witness nor proved by extrinsic evidence." Tex.
R. Crim. Evid. 608(b).
3.   The prosecution's choice of words.


"#N_3_"> (3) accused. When asked if he felt justice ultimately was done he answered that
the person accused left the state before trial. The prosecutor asked if he felt that his experience
would affect him as a juror in the case. He answered, "No." He eventually was selected as a
juror.

 The record in this case is silent as to why appellant's trial counsel failed to
challenge venire member Johnson. The Court of Criminal Appeals has held that a trial counsel's
failure to challenge a venire member who had voiced his lack of impartiality did not constitute
ineffective assistance when the record was silent as to the reasons that trial counsel might have
kept him. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Delrio v. State, 840
S.W.2d 443, 443 (Tex. Crim. App. 1992). In contrast to the facts of the cause before us, in those
cases the venire member had clearly expressed a lack of impartiality. In this case, Mr. Johnson
clearly and unequivocally stated that his experience would not affect his ability to be impartial in
this cause. Nothing in his answers to the questions suggested that he thought anyone accused of
child abuse was automatically guilty. Appellant has failed to meet his burden of demonstrating
that the first prong of the Strickland test, i.e., defective performance, has been met. We overrule
point of error five.



Failing to Object to James Miller's Testimony

 In his sixth point of error, appellant contends that trial counsel was ineffective
because he failed to object to James Miller's testimony based on a lack of notice. Tex. Code
Crim. Proc. Ann. art. 38.072 (West Supp. 1996). As discussed in point two, the court admitted
Miller's testimony under the "excited utterance" exception to the hearsay rule. Appellant has not
demonstrated that an objection under article 38.072 would have been useful because, even if it had
been made, the court admitted Mr. Miller's testimony on completely independent grounds. 
Appellant has failed to meet the first prong of the Strickland test. We overrule point of error six.



Failing to Object to Court-Martial Conviction

 In his seventh point of error, appellant con