

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00309-CR

**MICHAEL PAUL BAKER,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**


**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 33948CR**


## MEMORANDUM  OPINION


A jury found Michael Paul Baker guilty of indecency with a child and assessed his punishment at fifteen years' imprisonment.  This appeal ensued.  In one issue, Baker contends that the evidence is insufficient to support his conviction because "there was insufficient evidence to prove that the complaint of behavior took place."  We will affirm.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

To prove Baker committed the offense of indecency with a child, as alleged in the indictment, the State had to prove that Baker touched the genitals of the child with the

intent to arouse or gratify his sexual desire. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c)(1) (West 2011).

The child, V.H., who was thirteen years old at the time of trial in August 2010, testified that on February 10, 2009, she came home from school and fell asleep on the couch in the living room watching television. She was still wearing her school clothes, jeans and a shirt. Her mother was not at home, but Baker, her stepfather, was. When she woke up, she felt pressure on top of her and shaking movement. Baker was on top of her, she was no longer wearing her pants, and Baker was wearing no clothes. Baker had moved her panties to the side, and his penis touched her vagina. V.H. pushed Baker off of her and ran upstairs to her room with her pants and belt. She locked the door, but Baker somehow got inside. Baker told her not to tell her mom, that he was sorry, and that he would do whatever it took for her not to tell anyone what happened. When V.H.'s mother came home, V.H. told her that she needed to talk to her. V.H.'s mother went into V.H.'s room, but V.H. could not talk to her. V.H. then wrote her mother a note, telling her what had happened. The note was admitted into evidence.

V.H.'s mother testified that when she got home on the evening of February 10, V.H. wanted to talk to her, so they went upstairs to V.H.'s room. V.H. was "very uneasy" and unable to verbalize what had happened. Baker came to the door of the room several times while V.H. was trying to talk to her. Ultimately, V.H. wrote her mother the note (as referenced above by V.H.). V.H.'s mother stated that she then confronted Baker about the accusation. Baker said that he did not touch V.H. He only covered her up and tucked a blanket around her.

V.H.'s mother testified that V.H. had told her on a prior occasion that Baker made her feel uncomfortable. V.H. had told her mother that Baker was coming into her room at night and staring at her. V.H.'s mother told V.H. that she would talk to Baker about it and make sure it did not happen again. When V.H.'s mother talked to Baker about it, Baker told her that he was just making sure everything was turned off and would not go in there again if it made V.H. uncomfortable.

V.H.'s mother also testified about her "rocky" relationship with her ex-husband, V.H.'s father. When asked if she believed he had pressured or manipulated V.H. "concerning this whole thing," she replied that it was "very possible." She stated that prior to V.H.'s accusation, her ex-husband had threatened her with going back to court to "get" V.H. V.H.'s mother also testified that at the time of trial, she was continuing to live with Baker because she still loved him.

The State also called Ray Clayburn, Jr., who was serving a prison sentence for burglary of a habitation, to testify. Clayburn stated that he and Baker were in the Ellis County jail together in March 2009. Baker told him that he was in jail for the aggravated sexual assault of his stepdaughter and that he did not understand why she was telling anybody "this time." Baker told him that he had touched V.H. and "done things" before and she had never said anything. Clayburn said he was not receiving anything for his testimony.

Baker testified in his own defense and denied the allegations. Baker stated that he picked V.H. up from school and asked her if she wanted to go to "grandma and grandpa's" or if she wanted to go "home." V.H. replied that she wanted to go home.

Baker told her that was fine but that when they got home, he was going straight to bed because he had been up since midnight. When they arrived home, Baker went upstairs to his bedroom and put on his pajamas and a T-shirt. V.H. was sitting downstairs in the living room. Baker went downstairs and sat in his recliner until he fell asleep. V.H. was watching television.

At some point, V.H. woke Baker up and told him that she was hungry. He made her breakfast and then went back to sleep in the recliner. Baker later woke up again when he felt discomfort in his finger, as he had recently had hand surgery to repair an injury. He went into the kitchen and got a drink, and on his way out of the kitchen, he took a blanket and threw it over V.H., who was now asleep. Baker then went upstairs to his bedroom and got a cigarette.

Baker went outside and smoked the cigarette, and, when he came back in and was making his way up the stairs, he heard V.H. slam her door. Baker went over to the door, knocked, and asked what was wrong. V.H. replied that she did not want to talk about it. Baker then went back to his room and lay down. About 45 minutes later, his wife arrived home. After talking to V.H., Baker's wife confronted him with V.H.'s allegation. Baker stated that he believed V.H. may have been coerced into making the allegation by her father to influence custody.

Baker argues,

> Appellant would show the Court that the only evidence in this case having to do with the allegation is the testimony of the child and the note. There is no corroborating testimony and there is no corroborating evidence. There is no medical proof. There is no DNA proof. There was

no penetration.    The verdict cannot be sustained based upon this insufficiency.

Baker states that the following five cases support his argument:  *Nelson v. State*, 505 S.W.2d 551 (Tex. Crim. App. 1974); *Hulsey v. State*, 211 S.W.3d 853 (Tex. App.—Waco 2006, no pet.); *Stewart v. State*, 933 S.W.2d 555 (Tex. App.—San Antonio 1996, pet. ref'd); *Kimberlin v. State*, 877 S.W.2d 828 (Tex. App.—Fort Worth 1994, pet. ref'd); and *Friedel v. State*, 832 S.W.2d 420 (Tex. App.—Austin 1992, no pet.).    These cases are all distinguishable.

In *Nelson*, the court held that the testimony, "He rubbed my chest," was insufficient proof to sustain the averment in the indictment that Nelson did "place his hand against the breasts" of the child.  *Nelson*, 505 S.W.2d at 552.  The court reasoned that the definition of "chest" is broader than the definition of "breast" and includes a larger area of the body than that encompassed by the latter; therefore, the testimony was insufficient to identify the area of the body alleged to have been violated by the accused.  *Id.*  Here, there is no question that V.H. specifically described the body parts alleged in the indictment.  The indictment alleged that Baker did "intentionally or knowingly engage in sexual contact with [the child], by touching the genitals of [the child]," and V.H. testified that Baker's penis touched her vagina.

In *Hulsey*, this court held that the evidence was insufficient to establish that Hulsey committed the offense of indecency with a child by contact when the child testified that, "a couple of times, Hulsey tried to place her hand on his penis, but she

always pulled her hand back." *Hulsey*, 211 S.W.3d at 858-59. Here, V.H. did not testify that Baker *tried* to touch her genitals; she said that he *did* touch her genitals.

In *Kimberlin*, the court held that the evidence was insufficient to support Kimberlin's aggravated sexual assault conviction. *Kimberlin*, 877 S.W.2d at 829. The court noted that a child victim's outcry statement alone can be sufficient to sustain a conviction for aggravated sexual assault. *Id.* at 831. "There is no requirement that properly admitted outcry testimony be corroborated or substantiated by the victim or independent evidence." *Id.* at 832. The evidence, including the outcry statement and the child's testimony at trial, was insufficient, however, because it proved only that Kimberlin was present or assisted when her co-defendant sexually assaulted the victim, and no law of parties charge was given. *Id.* at 832-33. Here, V.H.'s testimony established that Baker committed the offense of indecency with a child.

In *Stewart*, the court held that the evidence was insufficient to support Stewart's conviction for sexual assault of a child because the child's testimony at trial was not corroborated, she had not made an outcry within six months of the date of the alleged offense, and the great weight and preponderance of the testimony showed that the offense occurred after the child had reached fourteen years of age. *Stewart*, 933 S.W.2d at 556-57. At the time, article 38.07 of the Code of Criminal Procedure stated:

> A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense.

Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 7, 1983 Tex. Gen. Laws 5311, 5319; Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex. Gen. Laws 2090, 2090-91. Similarly, in *Friedel*, the court held that the evidence was insufficient to support Friedel's aggravated sexual assault conviction because the only evidence that connected Friedel to the alleged offense was the uncorroborated testimony of the fifteen-year-old victim, and she had not informed another person of the alleged sexual assault for approximately eighteen months. *Friedel*, 832 S.W.2d at 421.

At the time of Baker's alleged offense, article 38.07 stated:

(a) A conviction under Chapter 21, Section 22.011 or Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred.

(b) The requirement that the victim inform another person of an alleged offense does not apply if at the time of the alleged offense the victim was a person:

(1) 17 years of age or younger;
(2) 65 years of age or older; or
(3) 18 years of age or older who by reason of age or physical or mental disease, defect, or injury was substantially unable to satisfy the person's need for food, shelter, medical care, or protection from harm.

Act of May 23, 2001, 77th Leg., R.S., ch. 1018, § 1, 2001 Tex. Gen. Laws 2234, 2234 (current version at TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2011)). V.H. testified that she was thirteen years old at the time of trial, making her twelve years old at the time of the offense. V.H.'s, her mother's, and Baker's testimony also all established that V.H. informed her mother about the offense on the date that it allegedly occurred. Thus, V.H.'s testimony did not need to be corroborated to be sufficient to

support Baker's conviction. *See Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref'd).

The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the witnesses' testimony. *Jaggers v. State*, 125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). As the reviewing court, we "should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony." *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). Here, by finding Baker guilty, the jury obviously believed V.H.'s testimony and rejected Baker's testimony. Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Baker committed the offense of indecency with a child by contact beyond a reasonable doubt. We overrule Baker's sole issue and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 23, 2012
Do not publish
[CR25]