**AFFIRM; Opinion Filed July 29, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00312-CR**

**AMADOR DONJUAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 29206-422**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

A jury convicted Amador Donjuan of indecency with a child by contact, and the trial court assessed his punishment at twenty years' confinement.[1] In a single point of error, appellant complains the evidence against him is legally insufficient to support his conviction. We affirm. The background of the case and the evidence adduced at trial are well known to the parties, and therefore we limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

The child complainant, L.N., was ten years old at the time of trial. She testified that appellant lived with her family while her father was in jail. She and her siblings referred to appellant as their uncle, and he lived in the trailer home they shared with their mother in Terrell,

---

[1] Appellant was charged in a separate count with continuous sexual abuse. He was acquitted of that charge, and it is not addressed in this appeal.

Texas before appellant moved out. L.N. explained that appellant had a bedroom to himself in the three-bedroom trailer. She also testified extensively about the ways appellant attempted to engage her sexually.

L.N. explained that appellant grabbed her hand and forced her to touch his penis both over and under his clothing. He touched her vagina over and under her clothing. He rubbed against her bottom and "middle part" with his penis. He ejaculated in front of her into a wastebasket and ejaculated onto her face. He grabbed her head and tried to kiss her. He showed her pornography on the TV and on the family computer. He told her he was going to buy little chocolates to put on his penis so she could suck them off. And he told L.N. not to tell anyone about the touching or he would kill her family. A police search of the family's computer also revealed several pornographic movies. At least one of the movies involved children.

When asked if appellant ever touched her "chest," L.N. said that he had touched her chest one time when she had asked him for a dollar to buy ice cream. She stated that he touched her chest on the outside of her clothing. L.N.'s oldest sister, D.N., who was seventeen years old at the time of trial, testified that, on more than one occasion, appellant had previously touched her chest while he pretended to reach out to check to see if the front door to their home was locked. L.N.'s other sister, A.N., thirteen years old at the time of trial, stated that appellant had also rubbed against her chest on one occasion as he was reaching across her to close a door. On another occasion, A.N. stated, appellant reached inside her shirt when she went into his room to ask for money for ice cream. She testified, "[Appellant] would sit me on his lap or I would be . . . beside him, and he would reach up in my shirt. And one time he told me to pull up my shirt, and he'll take a picture of me."

When asked if she ever saw any "sexual contact" between appellant and L.N., D.N. testified, "When [appellant] would play with her, he would try to touch her under her shirt. He

would try to tickle her, and at that point he would try to put his hand under her shirt." The prosecutor also asked A.N. if she ever saw appellant touch L.N. in a way that she believed was not right. She testified, "When he would tickle her, he would like reach into her clothes. And when she would sit on top of his lap, he would always like rub on her stomach or on her chest." D.N. and A.N. confirmed that appellant viewed pornography on the family computer.

The trial court, per appellant's request, admitted into evidence L.N.'s videotaped interview with the Children's Advocacy Center. On the video, L.N. stated that her Uncle Amador had touched her "titties" on several occasions while she was in his room, sometimes outside her clothing, and sometimes under her clothing. She stated that "titties" are included in a person's private parts. L.N.'s comments on the video about her uncle, the sexual occurrences that had happened in Terrell, and the makeup of the household members of the Terrell trailer home comported for the most part with her testimony at trial. However, L.N. stated on the video that the last name of the Uncle Amador who molested her was Buenaventura. L.N. testified at trial that she did not know why she told the interviewer at the Children's Advocacy Center that the last name of her Uncle Amador was Buenaventura. L.N. was eight years old at the time of the videotaped interview.

In his sole point of error, appellant complains the evidence him is legally insufficient to support his conviction. He particularly complains the State failed to prove he touched L.N.'s breasts and that he did so with intent to arouse or gratify his sexual desire. In a legal sufficiency review, we apply well-established standards. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Vodochodsky v. State,* 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). The jury, as sole judge of the witnesses' credibility and the weight

to be given their testimony, is free to accept or reject any or all of the evidence presented by either side. *Jones v. State,* 333 S.W.3d 615, 620 (Tex.App—Dallas 2009, pet. ref'd).

Appellant first argues that because L.N. alleged only that appellant touched her chest, the State failed to prove he had committed the offense of indecency with a child by touching L.N.'s breast. *See Nelson v. State*, 505 S.W.2d 551, 552 (Tex. Crim. App. 1974) (holding testimony that Nelson "rubbed my chest" was insufficient proof that appellant placed his hands against the breasts of the child complainant); *see also* TEX. PENAL CODE ANN. § 21.11(c)(1) (West 2011) (including in sexual contact definition, within context of indecency with a child, any touching by a person, including touching through clothing, of child's breast with intent to arouse and gratify sexual desire of any person). Child complainants, however, are not expected to testify with the same clarity and ability as expected of mature and capable adults. *See Villalon v. State,* 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). Where a child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within the definition of sexual contact, the evidence will be sufficient to support a conviction, regardless of the child's unsophisticated language. *See Clark v. State,* 558 S.W.2d 887, 889 (Tex. Crim. App. 1977).

The evidence against appellant showed that L.N. not only claimed appellant had touched her chest, but also that her Uncle Amador had touched her "titties," both over and under her clothing. Although L.N. identified her Uncle Amador's last name as "Buenaventura," she nevertheless made clear that this was the uncle who lived with her family and who repeatedly tried to molest her. L.N. also explained that her "titties" were a private part, like her vagina and bottom. Viewed in the light most favorable to the jury's verdict, this evidence is legally sufficient to show appellant touched L.N.'s breast. *See Soto v. State*, 267 S.W.3d 327, 334 (Tex. App.—Corpus Christi 2008, no pet.). Moreover, given the abundance of evidence showing appellant's proclivities for gratifying his sexual needs through his interactions with L.N. and her

–4–

sisters, a rational fact finder would have been more than justified in finding beyond a reasonable doubt that appellant had the intent to arouse or gratify his sexual desire when he touched L.N.'s breast.

The evidence against appellant is legally sufficient to support his conviction for indecency with a child. We overrule his sole point of error. We affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120312F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AMADOR DONJUAN, Appellant

No. 05-12-00312-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 29206-422.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of July, 2013.

/David Evans/
DAVID EVANS
JUSTICE