

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00052-CR

_____

GEORGE BRANDON CHAMBERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2014-100-C1

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Chief Justice Morriss

# OPINION

George Brandon Chambers stands convicted by a jury of indecency by contact with six-year-old Abby,[1] in McLennan County,[2] sentenced to thirty years' imprisonment after pleading true to the State's enhancement allegation, and ordered to pay a $10,000.00 fine.[3]  On appeal, in a single point of error, Chambers argues that, since his victim was too young to have developed adult breasts, his touching them did not violate the Texas Penal Code.  We disagree and affirm the trial court's judgment.

Chambers' argument is one of statutory construction.  Section 21.11 of the Texas Penal Code provides, in relevant part:

> (a)    A person commits an offense if, with a child younger than 17 years of age . . . , the person:
>
>> (1)    engages in sexual contact with the child or causes the child to engage in sexual contact.
>
> . . . .
>
> (c)    In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
>> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child.

---

[1]We refer to the child by a pseudonym in order to protect her identity.  *See* TEX. R. APP. P. 9.10.

[2]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We follow the precedent of the Tenth Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

[3]Chambers was also convicted by a jury of aggravated sexual assault, was given an enhanced sentence of sixty years' imprisonment, and was ordered to pay a $10,000.00 fine.  On appeal, Chambers makes no challenge to that conviction.

TEX. PENAL CODE ANN. § 21.11 (West 2011). Chambers claims (1) that the statute does not define the term "breasts," (2) that the Texas Court of Criminal Appeals defined the term in 1974, as it was then defined in Webster's Third New International Dictionary, in *Nelson v. State* as "either of the two protuberant milk-producing glandular organs situated on the front of the chest or thorax in the human female," and (3) that, therefore, "[t]he evidence is insufficient to establish that Chambers had been indecent with [Abby], a six year-old child, by touching her breast because [Abby], a six-year old child, has no breasts." *See Nelson v. State*, 505 S.W.2d 551, 552 (Tex. Crim. App. 1974).[4] Chambers' desired interpretation would turn the statute on its head. We decline to do that.

"The usual standard for reviewing the sufficiency of the evidence to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational finder of fact could have found the essential elements of the offense beyond a reasonable doubt." *Liverman v. State*, 470 S.W.3d 831, 835–36 (Tex. Crim. App. 2015). "In some cases, however, a sufficiency-of-the-evidence issue turns on the meaning of the statute under which the defendant has been prosecuted." *Id.* at 836. When a defendant asks whether "certain conduct actually

---

[4]*Nelson* involved a different issue than the one presented here, since the question of whether a child has breasts, as the term is contemplated in Section 21.11, was not at issue there. In *Nelson*, the Texas Court of Criminal Appeals concluded that "[t]he testimony '[h]e rubbed my chest' is insufficient proof to sustain the averment in the indictment that appellant did 'place his hand against the breasts'" of the victim. *Id.* at 552. Here, Kim Justice, the forensic interviewer at the Child Advocacy Center who interviewed Abby, testified that Abby told her that she was touched on her "boobs," and motioned in a manner, which indicated that she was touched on her breasts. We find that *Nelson* does not apply to this case. Moreover, Chambers does not claim that he did not touch Abby's "boobs" with intent to arouse or gratify his sexual desire. He merely argues that an undeveloped female child has no "breasts" and, therefore, he cannot be guilty of committing the crime of indecency with a child.

3

constitute[s] an offense under the statute with which the defendant has been charged," the question, "like all statutory construction questions, is a question of law, which we review de novo." *Id.*

"In construing a statute, we give effect to the plain meaning of its language, unless the statute is ambiguous or the plain meaning would lead to absurd results that the legislature could not have possibly intended." *Id.* "In determining plain meaning, we employ the rules of grammar and usage, and we presume that every word in a statute has been used for a purpose and that each word, clause, and sentence should be given effect if reasonably possible." *Id.*[5]

A plain reading of Section 21.11 establishes that it criminalizes the touching of a child's breasts with intent to arouse or gratify the actor's sexual desire. TEX. PENAL CODE ANN. § 21.11. The statutory language is clearly broad enough to include within its description of protected victims all children of either gender that are under seventeen years of age, and nothing in that language would make any exception to that inclusiveness. Thus, based on a plain reading of the statute, we conclude that the statute criminalizes the sexually motivated touching of a pre-pubescent girl's undeveloped breasts or of a male child's breasts.[6] *See id.* Accordingly,

---

[5]"If, after using these tools of construction, the language of the statute is ambiguous, we can resort to extratextual factors to determine the statute's meaning," including:

> (1) the object sought to be attained, (2) the circumstances under which the statute was enacted, (3) the legislative history, (4) common law or former statutory provisions, including laws on the same or similar subjects, (5) the consequences of a particular construction, (6) administrative construction of the statute, and (7) the title (caption), preamble, and emergency provision.

*Id.*

[6]Although the term "breast" is not defined in the statute, the Eleventh edition of Merriam-Webster's Collegiate Dictionary includes the definition as "the fore or ventral part of the body between the neck and the abdomen." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 152 (11th ed. 2006).

Section 21.11 does not require that the child's breasts be developed before the touching of the breasts can be considered to be a crime. *See Eubanks v. State*, 326 S.W.3d 231, 242 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Turner v. State*, 721 S.W.2d 909, 912 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd, untimely filed).

Moreover, the object of the statute is to protect children. *See Uribe v. State*, 7 S.W.3d 294, 297 (Tex. App.—Austin 1999, pet. ref'd); *Hernandez v. State*, 754 S.W.2d 321, 326 (Tex. App.—Houston [14th Dist.] 1988), *aff'd*, 861 S.W.2d 908 (Tex. Crim. App. 1993); *cf. Zubia v. State*, 998 S.W.2d 226, 227 (Tex. Crim. App. 1999). Construing the statute as Chambers urges would remove all pre-pubescent girls and all boys from the statute's protection from sexual touching of the breasts.

Chambers' suggested interpretation of Section 21.11 of the Texas Penal Code is absurd and directly contrary to the legislative objective sought to be obtained in enacting the statute regarding indecency with a child. We overrule Chambers' sole point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 3, 2016
Date Decided:       October 12, 2016

Publish