

# IN THE
# TENTH COURT OF APPEALS

No. 10-19-00371-CR
No. 10-19-00372-CR
No. 10-19-00373-CR
No. 10-19-00374-CR

**THOMAS JAMES ROSSETTER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 66th District Court
Hill County, Texas
Trial Court Nos. F146-17, F147-17, F148-17 and F149-17

## MEMORANDUM OPINION

The underlying cases were tried together. The jury found Appellant Thomas James Rossetter guilty of sexual assault of a child in both F146-17 and F147-17 and guilty of indecency with a child by contact in both F148-17 and F149-17. The trial court then assessed Rossetter's punishment at ten years' imprisonment for each offense and ordered the sentences to run concurrently. These appeals ensued. In his sole issue in each of these

appeals, Rossetter contends that the evidence is insufficient to support his conviction. We will affirm the trial court's judgments in F146-17, F148-17, and F149-17 and affirm the trial court's judgment as modified in F147-17.[1]

The relevant evidence presented in this case is as follows: Jane Doe[2] testified that on March 17, 2017, she went to her uncle Rossetter's house to help him fix a washing machine. Later that evening, Rossetter and Doe, who was fifteen years old at the time, ate dinner during which she drank an alcoholic beverage. Rossetter did not drink any alcohol. Rossetter and Doe then watched a movie on television. While they were sitting on the couch, Rossetter grabbed Doe's foot and began to massage it. Rossetter then told Doe to follow him to his bedroom, which she did. In the bedroom, Rossetter began to kiss Doe on the lips and to take off her clothes. Rossetter, however, never took off Doe's bra. Instead, he "just pushed it up" above her breasts. Rossetter then began to kiss her "everywhere." At some point, Rossetter's mouth touched Doe's vagina, Rossetter's penis went inside Doe's mouth, and Rossetter put his penis in Doe's vagina. Eventually, a loud vehicle drove by the house. At that point, Rossetter got up, went to the window, and told Doe to put her clothes back on, which she did.

---

[1] The judgment in F147-17 reflects that Rossetter was convicted of the offense of indecency with a child by contact. The record, however, reflects that in F147-17, Rossetter was convicted of sexual assault of a child. We therefore modify the trial court's judgment in F147-17 to reflect that Rossetter was convicted of sexual assault of a child and that the statute for the offense is section 22.011 of the Penal Code. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (concluding that appellate court has authority to reform judgment to make record speak truth when matter has been called to its attention by any source).

[2] The alleged child victim was assigned a pseudonym in the trial court. To protect the child's privacy, we will continue to refer to the child by a pseudonym.

Doe testified that while Rossetter was taking her home that night, he told her that "the story that he was going to say" was that Doe had fallen asleep on the couch, that he had just woken her up, and that is when he took her home. Rossetter also told Doe not to tell anyone what had happened. On March 19, 2017, however, Doe was scared and needed someone to talk to, so she told her best friend what had happened. Doe's best friend's mother overheard the conversation and contacted Doe's mother at work. Doe's mother then texted Doe.

Doe testified that she responded to her mother, stating that she had made up the story about Rossetter and that she had been crying only because she had seen a dog that had been run over. Doe's mother, however, did not accept Doe's explanation. When Doe's father came home, he took Doe back over to her best friend's house "to straighten everything out." While in the front yard of Doe's best friend's house with her father, her best friend, and her best friend's mother and stepfather, Doe "told them the story about the dog" and told them that she had lied about the sexual abuse. Doe also told her father that it was a huge misunderstanding. Doe testified that she was feeling terrified at that time and that she "just wanted everything to go away."

Doe stated that she and her father then got back into her father's truck to return home. During the ride, Doe's father began asking her why she would lie. Doe testified that she initially "brushed it off" but then "just had enough and said because it actually happened." The next afternoon, Doe also discussed the sexual abuse with her mother. Doe stated that she told her mother the truth about the sexual abuse but that she believes that she told her mother at that time that they "didn't go all the way."

Doe testified that she went with her parents to report the allegations to the police on April 11, 2017. Doe thereafter participated in a forensic interview and later had a medical exam with Dr. Soo Battle. Doe stated that she told Dr. Battle the truth.

Doe's mother, Rossetter's sister, then testified that she believed Doe about the sexual abuse "as soon as she said the feet thing." Doe's mother stated that they would make fun of Rossetter when he was a child because he would rub their mother's feet "continuously." Doe's mother also stated that that was not something that she would think that Doe would know about Rossetter. Doe's mother further explained that before going to the police, she went to talk to Rossetter to get his side of the story. Rossetter told her very specifically what he and Doe had done all day that day and then just said "and then she fell asleep."

Dr. Soo Battle, the child sexual abuse examiner and medical advisor at the Advocacy Center for Crime Victims and Children in Waco, then testified that she conducted a sexual abuse examination on Doe on April 20, 2017. Dr. Battle documented in her medical report what Doe had told her about the sexual abuse. Dr. Battle stated that during the exam, Doe told her that Rossetter "touched my boobs . . . with his hands and his mouth." Doe also told her that Rossetter touched her vagina with his hands, mouth, and penis. Finally, Doe told her that Rossetter had put his penis in her mouth and vagina. Doe's physical exam was normal.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

As limited by the indictment in F146-17, a person commits the offense of sexual assault if the person intentionally or knowingly causes the penetration of the mouth of a child younger than seventeen years of age by the sexual organ of the actor. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(B), (c)(1). As limited by the indictment in F147-17, a person commits the offense of sexual assault if the person intentionally or knowingly causes the penetration of the sexual organ of a child younger than seventeen years of age by the sexual organ of the actor. *See id.* § 22.011(a)(2)(A), (c)(1). As limited by the indictment in F148-17, a person commits the offense of indecency with a child if the person, with the intent to arouse or gratify his sexual desire, engages in sexual contact with a child younger than seventeen years of age by touching the child's breasts. *See id.* § 21.11(a)(1), (c)(1). As limited by the indictment in F149-17, a person commits the offense of indecency with a child if the person, with the intent to arouse or gratify his sexual desire, engages in sexual contact with a child younger than seventeen years of age by touching the child's sexual organ. *See id.*

In his appeal from the trial court's judgment in F148-17, Rossetter first argues that there was no evidence admitted at trial that he touched Doe's breasts. Rossetter notes that Doe did not testify that he touched her breasts. Rossetter further argues that Dr. Battle's testimony that Doe told her that Rossetter "touched my boobs . . . with his hands and his mouth" is insufficient because Dr. Battle never had Doe explain what area of the body she was referencing when she used the term "boobs."

Rossetter points out that the Court of Criminal Appeals has held that testimony that an accused touched a child's "chest" was insufficient alone to establish that the accused touched the child's "breast." *See Nelson v. State*, 505 S.W.2d 551, 552 (Tex. Crim. App. 1974). But the court's reasoning for such holding was that "the definition of 'chest' is broader than the definition of 'breast' and includes a larger area of the body than that encompassed by the latter." *Id.* The word "boobs," on the other hand, is simply a common slang word for the term "breasts." Furthermore, "[t]he victim's description of what happened need not be precise, and the child is not expected to communicate with the same level of sophistication as an adult." *Cantu v. State*, 366 S.W.3d 771, 776 (Tex. App.—Amarillo 2012, no pet.).

In each of these appeals, Rossetter further argues that the evidence is insufficient to support his convictions because Doe's testimony was not credible. But the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the witnesses' testimony. *Jaggers v. State*, 125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). As the reviewing court, we "should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony." *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). Here, by finding Rossetter guilty, the jury obviously believed Doe's testimony. Moreover, a child victim's testimony alone is sufficient to support a conviction for sexual assault of a child or indecency with a child by contact. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07.

Viewing all of the evidence in the light most favorable to the verdict, we therefore conclude that a rational trier of fact could have found Rossetter committed the offenses

of sexual assault of a child and indecency with a child by contact as alleged in the underlying cases beyond a reasonable doubt. We thus overrule Rossetter's sole issue in each of these appeals.

Having overruled Rossetter's sole issue in each of these appeals, we affirm the trial court's judgments in F146-17, F148-17, and F149-17 and affirm the trial court's judgment as modified in F147-17.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed and affirmed as modified
Opinion delivered and filed October 28, 2020
Do not publish
[CR25]

