162 S.W.3d 598 (2005)
In the Matter of A.B., A Juvenile.
No. 08-03-00468-CV.
Court of Appeals of Texas, El Paso.
February 3, 2005.
*599 M. Clara Hernandez, El Paso County Public Defender, El Paso, for appellant.
Jose R. Rodriguez, County Atty., El Paso, for appellee.
Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

*600 OPINION

ANN CRAWFORD McCLURE, Justice.
A.B. appeals the juvenile court's finding that he engaged in delinquent conduct in two counts of aggravated sexual assault. Count I alleged A.B. engaged in delinquent conduct by intentionally and knowingly penetrating the sexual organ of A.A., a child younger than fourteen, with his finger. Count II alleged the intentional and knowing penetration of the child's anus with his finger Finding the evidence sufficient, we affirm.

FACTUAL SUMMARY
Graciela Vega lived in a three bedroom, two bath house with a den. She rented the den and a bathroom to Maria Estrada and her three children. The den was separated from the rest of Graciela's house and had a separate entrance. Graciela had never before asked Maria to care for A.A., but on April 29, 2003, she left her daughter with Maria and Maria's children. A.B. is the oldest of Maria's children. Graciela arrived home around 2 a.m. and knocked on Maria's door to pick up her daughter. Maria was not home, but A.B. answered the door.
As Graciela bathed A.A. the next morning, the child made an outcry statement. The specific details of the outcry were not disclosed at trial. Graciela notified authorities on May 3, 2003. She waited a few days since she felt guilty about having left her daughter with Maria's children. Graciela talked to Maria, who told her and A.A. not to tell anyone about the incident.
El Paso Police Department Detective Oscar Morales interviewed A.A. on May 8, 2003. Officer Morales believed the child could distinguish between telling the truth and a lie and that she knew the moral consequences of telling a lie. Morales characterized her as articulate and able to recall the events due to the short time period between the incident and the interview. A.A. was also able to identify her private parts and to distinguish between a good and bad touch.
A.A. was six at the time of trial and five at the time of the incident. She testified that she knew the difference between the truth and a lie and she promised to tell the truth. She remembered staying with A.B. and his two brothers. When A.A. was asleep in Maria's bed, A.B. touched her. A.B. made sure the covers hid his hands. A.A.'s underwear was pulled down. She explained what private parts were, characterized them as the "front" and the "bottom," and pointed to them for the court. She also knew the difference between "inside" and "outside." Using his fingers, A.B. touched her inside both areas.
The juvenile court found that A.B. had engaged in delinquent conduct under both counts of the State's petition. He was placed on probation under the Serious Habitual Offender Comprehensive Action Program.

ENGAGEMENT IN DELINQUENT CONDUCT
In Points of Error Nos. One and Two, A.B. challenges the legal and factual sufficiency of the evidence to support a finding of delinquent conduct.

Standard of Review
A jury finding that a juvenile engaged in delinquent conduct violates due process of law unless supported by sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt. In the Matter of Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072-73, 25 L.Ed.2d 368 (1970), Alvarado v. State, 912 S.W.2d 199, 206-07 (Tex.Crim.App.1995); In the Matter of A.S., 954 S.W.2d 855, 858 *601 (Tex.App.-El Paso 1997, no writ). Under this standard, we must review all the evidence, both State and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. In the Matter of A.S., 954 S.W.2d at 858; Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Alvarado, 912 S.W.2d at 207.
In reviewing factual sufficiency of the evidence, we are to view all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App.2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Evidence is factually insufficient if it is so weak that it would be clearly wrong and manifestly unjust to allow the verdict to stand, or the finding of guilt is against the great weight and preponderance of the available evidence. Johnson, 23 S.W.3d at 11. Therefore, the question we must consider in conducting a factual sufficiency review is whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. See id. In performing this review, we are to give due deference to the fact finder's determinations. See id. at 8-9; Clewis, 922 S.W.2d at 136. The fact finder is the judge of the credibility of the witnesses and may "believe all, some, or none of the testimony." Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App.1991). Consequently, we may find the evidence factually insufficient only where necessary to prevent a manifest injustice from occurring. See Johnson, 23 S.W.3d at 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App.1997).

Aggravated Sexual Assault
The offense of aggravated sexual assault is committed when one intentionally or knowingly causes the penetration of the anus or sexual organ of a child under the age of fourteen by any means. Tex.Pen.Code Ann. § 22.021 (Vernon Supp.2004-05). A conviction for aggravated sexual assault "is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred." Tex.Code Crim.Proc.Ann. art. 38.07(a) (Vernon Pamphlet 2004-2005). This requirement does not apply if the victim is seventeen years of age or younger. Id. at art. 38.07(b)(1). The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault or indecency with a child. Perez v. State, 113 S.W.3d 819, 838 (Tex.App.-Austin 2003, pet. ref'd).
A child may lack the technical knowledge to accurately describe parts of his or her body. Clark v. State, 558 S.W.2d 887, 889 (Tex.Crim.App.1977). Where the child has sufficiently communicated to the trier of fact that the touching occurred to a part of the body within the definition of Section 21.01, the evidence will be sufficient to support a conviction regardless of the unsophisticated language that the child uses. Id. Sexual contact means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. Tex.Pen.Code Ann. § 21.01(2)(Vernon 2003).
In a prosecution for sexual assault, penetration may be proved by circumstantial evidence. Pace v. State, 986 S.W.2d 740, 749 (Tex.App.-El Paso 1999, pet. ref'd), citing Nilsson v. State, 477 *602 S.W.2d 592, 595 (Tex.Crim.App.1972); Everage v. State, 848 S.W.2d 357, 359 (Tex.App.-Austin 1993, no pet.). Proof of the slightest penetration is sufficient. Nilsson, 477 S.W.2d at 595.

Analysis
Appellant first claims that the evidence was legally insufficient to prove the element of penetration beyond a reasonable doubt. He admits that an aggravated sexual assault conviction is supportable on the uncorroborated testimony of the sexual assault victim. See Tex.Code Crim.Proc.Ann. art. 38.07. But he questions whether the statutory language means that other evidence is irrelevant or dispensable. He complains that cases analyzed under Article 38.07 had a matrix of physical, medical, and circumstantial evidence while the case at bar has only the undeveloped and vague testimony of a child. In other words, he argues that A.A.'s testimony failed to dispel reasonable doubt since the record did not indicate where the child was pointing or what she meant by the terms "front," "bottom," or "inside." He suggests that the State could have shown her anatomical dolls or pictures to determine where she was pointing and whether the touching was actually inside her genitals or anus. Because it failed to do so, Appellant claims the State failed to prove the element of penetration beyond a reasonable doubt. We disagree.
Viewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found all the essential elements of aggravated sexual assault through penetration of the sexual organ and anus solely on the basis of A.A.'s uncorroborated testimony. The child testified that while she was asleep in Maria's bed, A.B. touched her. She characterized her private parts as the "front" and the "bottom" and she pointed to them. She explained that A.B. touched her "front" and in the "bottom" using his fingers. She also understood the difference between "inside" and "outside." Because A.A. sufficiently communicated to the court that A.B. used his fingers to penetrate her genitals and anus, the evidence is legally sufficient to sustain the court's finding of delinquent conduct under both counts of the State's petition. Point of Error No. One is overruled.
Appellant argues in Point of Error No. Two that the evidence is factually insufficient to prove the element of penetration beyond a reasonable doubt. Specifically, he argues that there was no physical evidence to show penetration. Viewing the evidence in a neutral light, we cannot conclude that the evidence of penetration is so weak as to be clearly wrong and manifestly unjust or against the great weight the evidence. Penetration may be proved by circumstantial evidence. Pace, 986 S.W.2d at 749. Proof of the slightest penetration is sufficient. Nilsson, 477 S.W.2d at 595. A.A.'s testimony that A.B. penetrated her genitals and anus with his finger is sufficient evidence of penetration without testimony from her mother or a medical professional detailing any physical evidence of penetration.
We are to give due deference to the fact finder's determinations since the fact finder is the judge of the credibility of the witnesses and may "believe all, some, or none of the testimony." Chambers, 805 S.W.2d at 461. The court obviously found that A.A. to be a credible witness and believed her testimony regarding the sexual assault. Because the evidence is factually sufficient to sustain the court's finding of delinquent conduct under both counts of the State's petition, we overrule Point of Error No. Two and affirm the judgment of the trial court.