

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00595-CR

David **ARROYO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR8109
Honorable Ray Olivarri, Judge Presiding

## OPINION ON MOTION FOR REHEARING

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:     Sandee Bryan Marion, Chief Justice
     Rebeca C. Martinez, Justice
     Irene Rios, Justice

Delivered and Filed:  July 19, 2017

REVERSED AND RENDERED IN PART; AFFIRMED IN PART

In an opinion and judgment dated May 24, 2017, we affirmed the trial court's judgments

of conviction on three counts, and reversed the trial court's judgments on three other counts and

rendered an acquittal on those counts.  The State filed a motion for rehearing.  To clarify our

discussion, we vacate our earlier judgment, withdraw our earlier opinion, and issue this opinion

and judgment in their place.  Concluding our original analysis was correct, we overrule the State's

motion for rehearing.

A jury found appellant, David Arroyo, guilty on six counts of indecency with a child by contact. In three issues on appeal, appellant (1) challenges the sufficiency of the evidence in support of the verdicts, (2) asserts the trial court violated his right to confront a witness, and (3) asserts the trial court erred by admitting outcry testimony. We conclude the evidence in support of appellant's convictions on counts two, four, and six is insufficient; therefore, we reverse those convictions and render an acquittal. We affirm appellant's convictions on counts one, three, and five.

## SUFFICIENCY OF THE EVIDENCE

In six counts, appellant was charged with engaging in sexual contact with a child younger than seventeen years by touching K.E.'s breasts and genitals on three different dates. The trial court signed six judgments of conviction, one for each count. On appeal, appellant asserts there is no evidence he touched K.E.'s breasts or genitals.

A person commits indecency with a child if he engages in sexual contact with a child younger than seventeen years of age. TEX. PEN. CODE ANN. § 21.11(a)(1) (West 2011). In this context, "sexual contact" includes touching a child's breast or any part of a child's genitals, including touching through clothing, if the act is committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1). When an appellant challenges the sufficiency of the evidence supporting the jury's verdict, we review all of the evidence in the light most favorable to the verdict to determine whether, based on the evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury is the sole judge of credibility and the weight attached to the testimony of the witnesses. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). When the record

supports conflicting inferences, we presume the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *Id.* at 525-26.

Before calling K.E. to testify, the State called G.S., who was K.E.'s cousin. G.S. was thirty-one years old at the time of trial and she testified about appellant's touching her on more than one occasion almost twenty-five years earlier. G.S. testified appellant would slide his hand up her shorts and through her underwear to touch her vagina, and he also would touch her vagina outside of her clothing.

When the State called K.E., the State first asked her whether appellant ever did anything that made her uncomfortable. She said that, before her grandfather died, appellant would play with her hair by twirling it and rub her neck and arms. After her grandfather's death, the touching changed. On counts one and two, K.E. testified that on the day of her grandfather's funeral, appellant started to play with her hair and rub her neck. She was eleven years old at the time.

> And then he got more — he started touching my chest and it kind of — I'm crying, so I'm not — I don't know how to explain it. I knew it was wrong, I just didn't say anything at the time.
>
> . . .
>
> I don't know what happened. Like I didn't make him stop. He started rubbing on my leg and he kept rubbing on my leg and then he went further up my skirt . . . .

When asked where appellant touched her when he went up her leg, K.E. responded, "My vagina underneath my skirt." She said appellant did not penetrate her vagina, but he "was just moving his hand around like — it sounds weird, but like how you would pet a cat . . . ."

On counts three and four, K.E. testified she was in the sixth grade, and she and appellant were sitting on the couch watching television

> . . . and then it started off the same, like he started with my hair, moved down my neck and then go down — just down my chest and then go back to the leg and then it goes back to underneath what I wore, which was a skirt again because that was part of my [school] uniform.

On counts five and six, K.E. testified she was at appellant's house and they were sitting on a couch talking about music. K.E. said, "Then it started off the same, started with my hair, to my face, to my neck, to my chest, down my leg, and back up my skirt [and inside her underwear]." The State asked K.E.:

> Q. Okay. Same kind of rubbing as before?
> A. Uh-huh.
> Q. Was there anything different about it this time than the other times?
>                                              . . .
> A. No.

The State then asked generally:

> Q. Okay, I'm sorry. Then I'll back up to that [time after the grandfather's funeral]. There was the time at the funeral and there's two times in the — after school at your house and then the time with him?
> A. Yes.
> Q. At his house?
> A. Uh-huh.
> Q. Okay. All very similar, though?
> A. Yes.
> Q. Okay. Was there any one of them that was different in any way? Did he do anything different or was it always those same things that he did?
> A. The same.

Appellant contends the evidence is insufficient to support the jury's verdict on counts two, four, and six, which alleged touching of K.E.'s breasts, because K.E. only testified he touched her "chest" and not her breasts. Appellant relies on *Nelson v. State*, 505 S.W.2d 551 (Tex. Crim. App. 1974), for his argument that a child's testimony that she was touched on the "chest" is insufficient to support an allegation that an accused touched a victim's "breasts." In *Nelson*, the question before the Court of Criminal Appeals was whether the victim's testimony that "he rubbed my chest" was sufficient to sustain the allegation in the indictment that the defendant did "place his hand against the breasts" of the victim. The complainant provided no other testimony regarding the touching. The Court found the evidence insufficient because the definition of "chest" was broader than the definition of "breast" and "includes a larger area of the body than that

encompassed by the latter." *Id.* at 552. The Court acknowledged other cases where the victim had used words different from those in the indictment to describe the area of the body fondled, and distinguished those cases because the victims' testimony was sufficient to identify the area of the body alleged to have been violated by the accused. *Id.* However, the Court concluded the same was not true in the case before it, and held the testimony "'He rubbed my chest' was insufficient proof to sustain the averment in the indictment that appellant did 'place his hand against the breasts' of the prosecutrix." *Id.*

In its motion for rehearing, the State relies on this court's opinion in *Moore v. State*, 397 S.W.3d 751 (Tex. App.—San Antonio 2013, no pet.). While it is true the child's testimony in *Moore* is similar to the testimony in this case, the *Moore* opinion states only that the defendant was "convicted of two counts of indecency with a child and one count of sexual assault." *Id.* at 753. The opinion provides no specific details about the indictment or about how the jury charge instructed the jury on the two indecency counts. Conversely, in this case, the indictment and jury charge were specific:

> In six counts, appellant was charged with *engaging in sexual contact* with a child younger than seventeen years *by touching K.E.'s breasts* and genitals on three different dates. The trial court signed six judgments of conviction, one for each count. [Emphasis added]

Therefore, we conclude *Moore* is distinguishable.

In cases involving a child-complainant, the issue is not whether a child uses the specific technical term used in the statute. Instead, the question is whether the child sufficiently communicates to the trier of fact that sexual contact occurred by a touching of her breasts or genitals even though the language used by the child is different from that in the statute describing the part of the body. *See Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977); *see also In re A.B.*, 162 S.W.3d 598, 602 (Tex. App.—El Paso 2005, no pet.) (evidence sufficient when child

characterized her private parts as the "front" and the "bottom" and she pointed to them; she explained defendant touched her "front" and in the "bottom" using his fingers; she also understood the difference between "inside" and "outside"); *Guia v. State*, 723 S.W.2d 763, 765 (Tex. App.—Dallas 1986, writ ref'd) (being touched where one "uses the restroom" or "tee-teed" sufficient to establish sexual contact with child's genitals).

At the time of the offenses, K.E. was eleven years old. By the time of trial, K.E. was eighteen years old and, therefore, not an unsophisticated child-complainant. K.E. said the touching always started the same way with appellant touching her hair and moving his hand down her neck, chest and leg, and the touching always ended with appellant moving his hand up her skirt. We also note the State did not attempt to have K.E. clarify what she meant by the word "chest" and the State did not ask for more details about where appellant touched K.E. on her "chest." On this record and in view of the holding in *Nelson*, we must conclude the evidence is legally insufficient to support a finding that appellant touched K.E.'s breasts as alleged in counts two, four, and six.

Appellant also asserts the evidence is insufficient to support the jury's verdict on counts three and five, which alleged touching of K.E.'s genitals. Appellant contends the evidence is insufficient because K.E. did not testify appellant touched either her vagina or genitals.[1] On count one, K.E. testified appellant moved his hand up her skirt, touched her vagina, and moved his hand "like how you would pet a cat." On count three, she said appellant moved his hand under her skirt. On count five, she said appellant moved his hand under her skirt and inside her underwear. K.E. testified he touched or rubbed her in the same way each of the three times. We conclude the jury could have reasonably inferred appellant touched K.E.'s vagina on each of the three occasions

---

[1] Count one also alleged contact with K.E.'s genitals; however, on appeal, appellant does not challenge the sufficiency of the evidence in support of the verdict on that count. Appellant only asserts K.E.'s testimony was contradictory and cursory. We defer to the jury's assessment of credibility and weight. *Merritt*, 368 S.W.3d at 525-26.

based on his pattern of moving his hands down K.E's leg and up under her clothing and because K.E. testified appellant always did "those same things" when he touched her under her clothing. Therefore, we conclude the evidence is legally sufficient to support a finding that appellant touched K.E.'s genitals as alleged in counts one, three, and five.

## CONFRONTATION CLAUSE VIOLATION

Appellant asserts the trial court violated his Sixth and Fourteenth Amendment rights to confront a witness. During trial, at the State's request, a hearing was held outside the jury's presence on the admissibility of G.S.'s testimony. During the hearing, G.S. testified she was molested by appellant and two uncles. Defense counsel asked for the names of the uncles, and the State objected on relevancy and Texas Rule of Evidence 412 grounds. Defense counsel responded that the testimony about the two uncles was relevant to whether G.S. was confusing appellant with one or both of her uncles. The trial court refused to allow G.S. to name her uncles, but allowed defense counsel to question G.S., still outside the jury's presence, about what her uncles did. When the trial court ruled the jury could hear testimony from G.S. regarding her allegations against appellant but not regarding allegations against her uncles, defense counsel objected on various grounds. However, defense counsel did not object that appellant's right to confront the witness was violated.

In order to preserve alleged error for appellate review, a party must make a timely objection to the trial court or make some request or motion apprising the trial court what the party seeks by the line of questioning, thereby giving the trial court an opportunity to remedy any purported error. *See* TEX. R. APP. P. 33.1(a). An explicit objection is not necessary if "the specific grounds" of the complaint are "apparent from the context" of the trial proceeding. TEX. R. APP. P. 33.1(a)(1). Because appellant did not clearly articulate that the Confrontation Clause demanded admission of the evidence about G.S.'s uncles, the trial court was not given an opportunity to rule upon a

Confrontation Clause complaint. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Failure to object to a Confrontation Clause error at trial waives the complaint on appeal. *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (objection on hearsay and Rule 107 grounds did not preserve Confrontation Clause complaint); *see also Reyna*, 168 S.W.3d at 179 (holding failure to articulate "that the Confrontation Clause demanded admission of the evidence" foreclosed trial court's opportunity to rule on that issue and resulted in waiver of issue on appeal). Accordingly, appellant has not preserved his Confrontation Clause complaint for appellate review. *See* TEX. R. APP. P. 33.1.

## OUTCRY STATEMENT

The State provided pre-trial notice of its intent to call K.E.'s mother, Felicia, as the outcry witness. The trial court did not conduct a pre-trial admissibility hearing pursuant to Texas Code of Criminal Procedure 38.072, section 2(b)(2). Before Felicia testified to what K.E. told her, defense counsel raised a hearsay objection. The State responded that it had given notice of its intent to call Felicia as the outcry witness, and the trial court allowed the testimony without conducting any further hearing. On appeal, appellant asserts the trial court erred.

At trial, Felicia testified K.E. told her: "[Appellant] molested me," and "He did things to me that he should not have done to me." Felicia admitted K.E. never went into detail about what appellant did, except to say appellant touched her "underneath her pants." Felicia said K.E. told her the first time this happened was the day of K.E.'s grandfather's funeral.

An outcry statement is not inadmissible because of the hearsay rule if, among other requirements, "the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement." TEX. CRIM. PROC. CODE ANN. art. 38.072, § 2(b)(2) (West Supp. 2016). Here, appellant did not object to the trial court about the lack of an article 38.072 hearing. However, once appellant raised his

hearsay objection to Felicia's testimony, the burden shifted to the State, as the proponent of the hearsay evidence, to establish compliance with article 38.072, which the State failed to do. *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990) (agreeing with appellant that his objection to hearsay sufficed to invoke article 38.072 procedures, and merely because he did not specify that his objection was lodged pursuant to that statute did not deprive him of review on appeal); *Mosley v. State*, 960 S.W.2d 200, 203 (Tex. App.—Corpus Christi 1997, no pet.) (same).

Assuming without deciding the trial court erred by admitting Felicia's testimony, we next consider whether the error harmed appellant. We review this error as non-constitutional error. *See* TEX. R. APP. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). We will not overturn a criminal conviction for non-constitutional error if, after examining the record as a whole, we have a fair assurance the error did not influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Broderick v. State*, 35 S.W.3d 67, 74-75 (Tex. App.—Texarkana 2000, pet. ref'd) (concluding admission of inadmissible hearsay, including erroneous designation of outcry witness, is nonconstitutional error, and it will be considered harmless if appellate court, after examining the record as a whole, is reasonably assured error did not influence jury verdict or had but a slight effect). In this case, because the same or similar evidence was admitted without objection at trial, we hold the error was harmless. *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991); *Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Felicia's outcry testimony provided no details about any of the six incidents other than that appellant touched K.E. under her pants. However, K.E. provided specific details relating to the six separate incidents. Thus, we cannot conclude the trial court's error in admitting Felicia's testimony about the offense had a substantial and injurious effect or influence in determining the jury's verdict. *See Nino*, 223 S.W.3d at 754 (concluding party who objected to outcry evidence

but failed to object to other substantially similar evidence waived any error in admission of objected-to evidence); *West v. State*, 121 S.W.3d 95, 105 (Tex. App.—Fort Worth 2003, pet. ref'd) (holding error in admitting outcry testimony did not influence jury's verdict or had but a slight effect because complainant provided detailed testimony relating to offense); *Thomas v. State*, 1 S.W.3d 138, 142 (Tex. App.—Texarkana 1999, pet. ref'd) (holding error in admitting child complainant's mother's outcry testimony was harmless, where record was replete with testimony from witnesses other than mother concerning complainant's statements about offense).

## CONCLUSION

For the reasons stated above, we reverse the trial court's judgments on counts two, four, and six, and render an acquittal on those counts. We affirm the remaining judgments.

Sandee Bryan Marion, Chief Justice

Do not publish